ARTHUR CLARK v. THE STATE.

No. 1865.   Decided June 5, 1912.

1.—Assault to Murder—Continuance.

In the absence of a statement of facts, the overruling of an application for continuance can not be considered on appeal.

2.—Same—Evidence—Leading Questions.

Where the answer to the question to the witness is not stated in the bill of exception, the question that it was leading can not be considered on appeal.

3.—Same—Evidence—Practice on Appeal.

Where the defendant objected to certain testimony which objections were sustained by the court, there was nothing to review on appeal.

4.—Same—Evidence—Bias of Witness.

Where, upon trial of assault with intent to murder, the court admitted testimony as to the bias of the prosecuting witness, there was no error in

sustaining objections by the State, where the witness was asked to testify to the same matter.

**5.—Same—Evidence—Accepting Bill of Exceptions.**
    Where the bill of exceptions was refused by the court with the statement that no such ruling was made, and the defendant accepted the bill as qualified there was nothing to be reviewed.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of assault to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at four years confinement in the penitentiary.

1.  Appellant presented an application for continuance on account of the absence of several witnesses.   In the absence of a statement of facts we are unable to say that there was any error on the part of the court in refusing to continue the case.

2.  While the witness Brown was testifying for the State he was asked the following question: "Had you said anything to him or done anything to him?" meaning had the witness said anything to the defendant or done anything to the defendant.   Objection was urged to this because same was leading and suggested the answer desired by State's counsel.   The answer is not given or stated in the bill of exceptions, if in fact the witness did answer.   The answer may have been favorable to the accused so far as the bill is concerned.

3.  Another bill of exceptions recites that the witness Brown testified on cross-examination that he was deputy constable.   He was then asked the following question: "What salary, if any, do you draw?"   Objection was urged by the State, which was sustained by the court.   The object and purpose of asking this question is not stated, nor is it shown what answer the witness would have given had he been permitted to testify.

4.  Another bill recites that the witness Chesia, while tesifying for the State, was asked the following question: "At the time he fired the shot, state to the jury if you or Joe Brown had drawn your pistols," meaning at the time the shot was fired, which wounded the witness Brown, had either Brown or the witness Chesia drawn their pistols.   Objection was urged by the defendant, which was sustained by the court, and then the following question was asked: "State to the jury whether or not you had said anything to the defendant,"

meaning had the witness Chesia said anything to the party who fired the shot which wounded the witness Brown. To this appellant interposed objection, which was sustained by the court. The bill then uses this language: "to which ruling of the court in sustaining both objections the defendant then and there, in open court, excepts and tenders his bill of exceptions." This is signed by the court as given. There certainly could be no error urged by appellant in having both of his objections sustained.

5. Another bill recites the witness Chesia having testified for the State on cross-examination, by defendant, was examined touching his feeling and prejudices in the case, and the following question was asked: "Would you like to see him punished as much as could be and you would testify everything in the world to convict him that was straight and fair?" The witness answered, "Yes, sir," when the court stopped the cross-examination of the witness by the defendant and refused further examination; and the defendant says had he been allowed to further question the witness on this point, he could have shown a bias and prejudice, which he says he was entitled to and which the jury should have known. This bill is signed with the explanation that "the witness had testified at the instance of the defendant that he felt unkindly to defendant, because of being shot by him, that he wanted the defendant convicted, and used the language mentioned in the bill. The court did not stop the witness until he had admitted his bias, and the objection made by the State was correct, that is witness was asked to go over the same matter time and again." As this bill is qualified by the judge there could have been no error. The bill is accepted with this qualification and will be treated as correctly presenting the matter.

6. Another bill recites that the witness Chesia had detailed "as to how he first saw the party who did the shooting that night and how they had passed him and that one had a gun and a guitar." On direct examination by the State it had been shown that prior to the shooting defendant did not have a gun, and the witness Chesia testified that defendant had a gun, but when asked on cross-examination the following question: "Did the man that had a guitar have the shotgun?" the State objected, which objection was sustained, and appellant excepted. This bill was refused by the court with the statement that no such ruling was made by the court. These are the bills found in the record, and none of them present error. The bills are imperfect, and not in such condition as really to be reviewed.

The judgment is affirmed.

*Affirmed.*