## BOB DOUGLAS v. THE STATE.

### No. 1967.   Decided June 26, 1912.

**1.—Forgery—Evidence—Check.**

Upon trial of forgery there was no error in permitting the prosecutor to testify that he did not authorize the defendants to sign his name to a check, without introducing the check in evidence; besides the bill of exceptions was defective.

**2.—Same—Evidence—Bill of Exceptions.**

Upon trial of forgery there was no error in admitting testimony that defendant carried the forged check to the witness for the purpose of having it cashed; besides the bill of exceptions was defective.

**3.—Same—Charge of Court—Statement of Facts.**

In the absence of a statement of facts, the court's failure to instruct a verdict for the defendant can not be considered.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

A bill of exceptions recites that Patterson, a State witness, was asked the following question: "Did you authorize him (meaning the defendant) to sign your name to a check? A. No, sir." Appellant objected because the proper predicate had not been laid for the introduction of this testimony; that the same was leading, and that no check had been shown to have been signed, or if such had been, the same was the best evidence, and the court overruled the objections. This bill shows no error. The question was a proper one so far as the bill of exceptions is concerned. The ground of objection that no proper predicate had been laid is but a statement of an objection and not a statement of a fact. It was necessary to prove in some way that Patterson had not signed the check, as the forged instrument purported to have been signed by him. The production of the instrument would not have shown on its face that Patterson did not sign it, and, therefore, it could not be the best evidence of that fact. The instrument itself would hardly show that Patterson did not sign it, and in fact the instrument purported to have been signed by him.

Another bill recites that the State witness Covington was asked

the following question: "Did you have any business transaction with him (meaning the defendant) there that day (meaning the 12th day of July, A. D. 1908), if so, what was it? Ans. The only business I had with him, he said that Con. Patterson sent him down to cash a check, and I looked at the check and it was on the Trinity Bank." Defendant objected to this because it tended to show a transaction involving an alleged forged check, when there was no allegation in the indictment to the effect that the defendant had passed a forged instrument. These grounds of objection do not present anything under the bill that requires a revision. If appellant carried the forged check to the witness for the purpose of having it cashed, it was an important fact, at least to connect the appellant with the possession of the check, and may have been important in other matters connected with the case.

Another bill recites that the court was in error in failing to instruct a verdict for the defendant. The evidence not being in the record, we are unable to review this question.

The judgment is affirmed.

*Affirmed.*