### Maude Mauney v. The State.

No. 4861.   Decided April 16, 1919.

#### 1.—Murder—Bill of Exceptions—Evidence—Declaration of Third Party.

Where, upon trial of murder, and a conviction of manslaughter, a State's witness testified that defendant had phoned him to come to where she and her sister were on the second day before the killing, and that he met them on the next day on the evening before the killing, when defendant told him in the presence of her sister as to the statements and conduct of the deceased in watching and following the witness's car and defendant's car and having others to do so, when defendant's sister said if he did not cut it out she would kill him, and that then defendant said, "never mind," that is was her affair and she would see to it herself, there was no reversible error.

#### 2.—Same—Rule Stated—Threats.

If one person threatens to shoot another and the accused being present and hearing the threat, "never mind, that is my affair and I will see to it," and very soon thereafter herself shoots such party, both her statement and that of the other person, explanatory and antecedent to hers will be admissible.

### 3.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions consisted of about ten questions and their answers, followed by the statement that said evidence at the time it was offered was objected to because it was irrelevant, immaterial, incompetent and prejudicial, without stating the surrounding facts or the reason why the same were so, the same could not be considered. Following Wilson v. State, 63 Texas Crim. Rep., 81, and other cases.

### 4.—Same—Evidence—Theory of Defense—Bill of Exceptions.

Where the prosecution asked the sister of defendant if it was not a fact that she and her father and the defendant had no intention of pleading insanity until after the examining trial, etc., to which she answered, "1 knew it at the examining trial," to which defendant objected that the same was argumentative, prejudicial, etc., there was no reversible error, besides the bill of exceptions was too general.

### 5.—Same—Bill of Exceptions—Rule Stated.

When the bill of exceptions only shows questions and omits the answers, the matter cannot be considered on appeal. Following Clark v. State, 67 Texas Crim. Rep., 38, 148 S. W. Rep., 801, and other cases.

### 6.—Same—Bill of Exceptions—Rule Stated.

Where the bill of exceptions stated a number of questions and answers with a general objection thereto, but without any connecting statement in the case, the same is too general and cannot be considered. Following Howard v. State, 65 Texas Crim. Rep., 25, 143 S. W. Rep., 178.

### 7.—Same—Bill of Exceptions—Objection must be Specific.

Where the bill of exceptions set out a page of questions and answers without pointing out to which question the objection was aimed, the same cannot be considered.

### 8.—Same—Bill of Exceptions—Evidence—Hypothetical Questions.

Where it appeared from the record that the hypothetical questions by the prosecuting attorney to defendant's expert witness were correct, there was no error.

### 9.—Same—Preliminary Tests—Practice in District Court—General Reputation.

There was no error in allowing the prosecuting attorney to make the preliminary tests of the witness who was offered on the question of the general reputation of the deceased.

### 10.—Same—Bill of Exceptions—Expert Witness—Hypothetical Questions.

Where the bill of exceptions did not point out as to what rules of the court or statutes were violated in propounding a hypothetical case to an expert witness, the same was insufficient.

### 11.—Same—Bill of Exceptions—Predicate.

Where the bill of exceptions simply showed the objection that a proper predicate had not been laid, without stating any fact why the evidence was objectionable, the same could not be considered. Following Douglas v. State, 67 Texas Crim. Rep., 431, 148 S. W. Rep., 1089.

### 12.—Same—Bill of Exceptions—Rule Stated.

A bill of exceptions setting out numerous questions and answers with a general objection to the whole cannot be considered. Following Boyd v. State, 72 Texas Crim. Rep., 521, and other cases.

### 13—Same—Argument of Counsel—Requested Charge Necessary.

When no written charge was requested asking that the jury be instructed not to consider the argument of State's counsel, and the court verbally instructed the jury not to consider the same, there was no reversible error. Following Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W. Rep., 759, and other cases.

### 14.—Same—Misconduct of Jury—Presumption.

Where the bill of exceptions raised the question of misconduct of the jury in that one of the jurors had frequently talked to his wife during the trial of the case, the presumption of injury to the defendant's rights was overcome by evidence showing what the conversations were and that no fact bearing on the case was discussed therein, and there was no reversible error; but such conduct should not have been allowed.

### 15.—Same—Charge of Court—Manslaughter.

Where defendant was convicted of manslaughter, an objection to the charge of the court on the ground that it did not instruct the jury what facts would reduce an unlawful killing to manslaughter, need not be considered.

### 16.—Same—Self-defense—Requested Charge.

Where the facts did not raise the issue of self-defense but the court nevertheless submitted a requested charge thereon, and refused another which was substantially the same as the one given, there was no reversible error.

### 17.—Same—Insanity—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of manslaughter, the defendant interposed the defense of insanity, and the evidence thereon was conflicting, and the facts showed the unlawful homicide, there was no reversible error.

### 18.—Same—Bill of Exceptions—Rule Stated.

A bill of exceptions must be complete within itself and must not only show what transpired and what the objections thereto were, but such objections must be set out and enough facts stated to make the error complained of apparent, without the necessity of searching the record for such error, and an objection that the evidence was immaterial, irrelevant, and prejudicial will not be considered unless this is pointed out.

### 19.—Same—Bill of Exceptions—Practice on Appeal.

Where it is impossible to tell which question and which answer were objectionable, in the absence of a statement as to how they were prejudicial to defendant or why they were not competent or material, the same cannot be considered on appeal.

Appeal from the District Court of Hopkins. Tried below before the Hon. William Pierson, judge.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

Succinctly stated, the evidence, which is very voluminous, showed that the parties resided and had been neighbors in the town of Brasher in Hopkins County, Texas, for some fifteen years. The immediate facts attending the homicide as shown by the State's testimony, were that some one entered the store of defendant's father, in which she and her sister were engaged in waiting upon customers, and said that he wished to buy some ham for the deceased, and was told by the defendant that they had none, but if they did deceased could not have any at any price; that about this time the deceased entered the store and started to say something, when defendant ordered him out with an oath and threat to kill him, and immediately reached for a pistol and fired one shot at the deceased before he could leave the store and another shot just after he had left it, both shots taking effect and proving fatal within twenty or twenty-five minutes thereafter. The defendant pleaded insanity on the final trial and testified that she was subject at times to spells of mental aberration; that she and her sister had at different times been grossly insulted by the deceased and the latter at one time had brutally assaulted defendant; that he constantly obtrued himself into their presence and that they had at all times tried to avoid him; that some of this conduct of deceased had occurred a few days before the shooting; that she became very much excited when deceased entered the store and supposed that he came toward her; that she remembered nothing which transpired after that and while defendant was being shot by her, etc.

There was also evidence of prior grudges and threats by defendant against deceased and there was much testimony *pro* and *con* as to her mental condition at the time of the homicide; some experts testifying after hearing the evidence on trial that she was insane at the time, and other witnesses for the State that she was sane. The State introduced in evidence the examining trial proceedings which had taken place some time before the final trial, and showed that defendant there pleaded insult by deceased to herself and sister which the State met by counter evidence. The prosecution claimed that this defense in the examining trial court broke down completely and that thereafter the defendant fabricated the plea of insanity and interposed it at the final trial; that defendant was not insane but that the killing was based upon malice. The court charged on murder, manslaughter, insanity, suspended sentence, reasonable doubt, presumption of innocence, and by requested charge on self-defense.

*J. A. Dial* and *Martin & McDonald,* for appellant.—On question of introducing testimony in the absence of defendant: Clements

v. State, 61 Texas Crim. Rep., 161, 134 S. W. Rep., 728; Hicky v. State, 62 Texas Crim. Rep., 568, 138 S. W. Rep., 1051.

On question of hypothetical questions: Webb v. State, 9 Texas Crim. Rep., 490; Johnson v. State, 10 id., 571; Thomas v. State, 40 Texas, 60; Betts v. State, 89 S. W. Rep., 413; Turner v. State, 89 id., 975.

On question of declarations of defendant and her sister: Nolan v. State. 9 Texas Crim. Rep., 419; Jones v. State, 71 S. W. Rep., 962: Patrick v. State, 74 S. W. Rep., 550.

On question of argument of counsel; Powell v. State, 70 S. W. Rep., 218; Smith v. State, 113 S. W. Rep., 289.

*E. A. Berry*, Assistant Attorney General, and *Clark & Sweeton*, for the State.—On question of argument of counsel: cases cited in the opinion.

On question of examining witness to show bias, prejudice or interest of witness: Bullington v. State, 78 Texas Crim. Rep., 187, 180 S. W. Rep., 679; Vick v. State, 71 Texas Crim. Rep., 50; 159 S. W. Rep., 50; Sweeney v. State, 65 Texas Crim. Rep., 593, 146 S. W. Rep., 883; Renn v. State, 64 Texas Crim. Rep., 639, 143 S. W. Rep., 167; Faulkner v. State, 80 Texas Crim. Rep., 341, 189 S. W. Rep., 1077.

LATTIMORE, JUDGE.—In this case the appellant was charged by indictment in the District Court of Hopkins County with the offense of murder, which, upon trial, was by the jury reduced to manslaughter, of which she was convicted and her punishment fixed at confinement in the penitentiary for five years.

Appellant took thirty-five bills of exceptions during the course of the trial, a number of which do not appear in the record by written and filed agreement by counsel. We shall notice all those which we deem of sufficient importance.

By her bill of exceptions No. 2 appellant seeks a review of the trial court's action in permitting the witness Easley, for the State, to tell what the sister of the appellant, Miss Allie Lee Mauney, said the evening before the killing, the objection being that it was the act and statement of another party not shown to be ratified by the appellant, but disaffirmed by her. We see no error in the ruling as the same appears in the record. The witness Easley testified that appellant had 'phoned him to come to where she and her sister were on the second day before the killing but that he told her he could not come until the next day, and accordingly he met the two women on the evening before the killing. Appellant then told Easley at length of the acts, statements and conduct of deceased in watching and following the witness' car and appellant's car and having others to watch and follow them. During the conversation Allie Lee Mauney spoke up and said

that he had been following her (which her is not very clear), and stated that "if he did not cut it out——she would shoot his G—D —— off." It appears that appellant then said never mind, that was her affair and she would see to it herself.

Reference to the statement of facts for the surroundings discloses that witness had told "them" that he would not do anything with it and that Miss Maude (appellant) said that she would attend to it herself, directly after the statement by Allie Lee which is here objected to. This was about sundown before the killing the next morning. The statements of Allie Lee so made are admissible to explain and make clear what appellant meant when she made the threatening statements attributed to her. It seems' clear that if one person threaten to shoot another and the accused being present and hearing the threat, says, "Never mind, that is my affair and I will see to it," and very soon thereafter herself shoots such party that both her statement and that of the other person, explanatory and antecedent to hers will be admissible.

Appellant's bill No. 7 cannot be considered for several reasons. It consists of about ten questions and their answers, followed by the statement that said evidence at the time it was offered was objected to because it was irrelevant, immaterial, incompetent and prejudicial. No surrounding facts are stated; and no reason given why the same falls under any of these general heads of objection. This court holds that "incompetent and irrelevant" is without meaning and indefinite. Pangburn v. State, 56 S. W. Rep., 72; also that "irrelevant and prejudicial," is too general to be considered, Wilson v. State, 63 Texas Crim. Rep., 81; also "irrelevant and immaterial" is too general to be considered. Jones v. State, 65 Texas Crim. Rep., 69, 144 S. W. Rep., 252. For these reasons this bill cannot be considered, and we note the same defects obtain as to appellant's bills Nos. 9, 10, 13, 15, 16, 17, 24 and 25, none of which will be further considered.

Bill of exceptions No. 12 complains of the action of the trial court in permitting the prosecution to ask Allie Lee Mauney, the sister of appellant, if it was not a fact that she and her father and the appellant had no intention of pleading insanity until after the examining trial, after the best people of that county had come there and testified that the reputation of appellant and witness were bad for virtue and chastity, "and you thought your plea of insult to a female relative was broken down, then you decided to put in the insanity plea." To which the witness answered: "I knew it at the examining trial; I knew it just as soon as we employed our lawyer." The objection, as stated, to both question and answer, is that the same is argumentative, prejudicial, called for a conclusion of the attorney, invades the province of the jury. Neither the question nor answer invade the province of the jury, nor does the same call for a conclusion of the attorney, and to say

that the same is argumentative and prejudicial is merely a general and indefinite statement which presents nothing that we can con- sider.

Bill of exceptions No. 14 presents no error. Several different questions were asked and when objection was made the same were not pressed to answer, and the only questions permitted by the court to be answered were, whether the witness Jack Mauney was under the rule, to which he answered, he did not think so, and the further question if he was not present when the examining trial was had, to which witness answered that he was. This court has held many times that when the bill of exceptions only shows questions and omits the answers the matter will not be considered. Hatzfeld v. Walsh, 120 S. W. Rep., 525; Clark v. State, 67 Texas Crim. Rep., 38, 148 S. W. Rep., 801. The two questions which were answered as shown by this bill present no possible objection.

Bill of exceptions No. 15 states a number of questions and answers, with a general statement of the objection thereto but without any connecting statement of any fact or facts in the case. The bill is entirely too general for consideration. Howard v. State, 65 Texas Crim. Rep., 25, 143 S. W. Rep., 178.

Bill of exceptions No. 18 sets out a page of questions and answers to the witness Dr. Holbrook, with the statement that the appel- lant objected to the question as propounded. We are wholly un- informed as to which question the objection is aimed at and find nothing of error in the bill.

Bill of exceptions No. 19 complains that in the hypothetical case stated by the prosecuting attorney to the appellant's witness, Dr. Holbrook, it was incorrectly stated to said witness that "immediately after she came back, after she had fired the fatal shot, she made the statement, as testified to by Allie Lee or Fred, that she had killed Will Bridges." To which statement by the prosecution ob- jection was made that no such testimony was in the record, and that no witness had so testified. While this was very indefinite, we took the trouble to look through the testimony of Fred Mauney, as set out in the statement of facts and observe that on page 96 thereof said witness stated "She came back and gave me the gun . . . She called up the sheriff and just said to the sheriff that she had killed Will Bridges." It thus appears that the hypo- thetical question was correct and no error is shown.

Bill of exceptions No. 20 complains that the State's attorney was permitted to "take the witness from defendant's counsel." Ex- amination of the same disclosse that the court allowed the pros- ecuting attorney to make the preliminary test of the witness who was offered on the question of the general reputation of the de- ceased. No abuse of the court's discretion in such matters is shown.

Bill of exceptions No. 21 quotes at length from a hypothetical

case stated by Dr. Gregory, and after finishing the quotation from
the question, states that counsel objected to the same because "it
did not conform to the statutes of Texas, nor to the rules of the
courts." No statute or rule is pointed out to us as having been
violated. The bill is wholly insufficient.

Bill of exceptions No. 22 objects to the testimony of Luther
Romine, the objection, as stated, being that the "proper predicate
had not been laid." This is not a statement of any fact showing
why the evidence is objectionable and is not sufficient to call for
our review. Douglas v. State, 67 Texas Crim. Rep., 431, 148 S. W.
Rep., 1088.

No error appears in bill No. 26, and bill No. 27 consists of
several pages of questions and answers and concludes with the
statement that after this evidence had been introduced defendant's
counsel moved the court to exclude all the testimony of the witness
as to what was said by the defendant at the time and from the
time of the arrival of the officers because she was in the custody
of the law and had not been warned, etc. A bill of exceptions set-
ting out numerous question and answers with a general objection
to the whole, or a general motion not specific in its statement, such
as this here, do not conform to the requisites and should not be
considered. Boyd v. State, 72 Texas Crim. Rep., 521, Link v. State,
73 Texas Crim. Rep., 82, 164 S. W. Rep., 987. The bill if in proper
condition otherwise, wholly fails to set out any fact or facts which
makes the evidence inadmissible, and does not specify or make
plain any particular matter complained of as being in the testi-
mony of appellant.

Bills of exceptions Nos. 28 and 29 complain of the argument
of the special prosecutor. Language such as used by him in his
statement that "if the jury, under the evidence in this case, can-
not convict the defendant, they might as well tear down the court-
house," and further statement that if she was convicted they
would have the right to go to the Governor and ask him to exercise
his pardoning power, is not such as to demand a reversal of the
case under the authorities. No written charge was presented by
the appellant asking that the jury be instructed not to consider
same. The court did then and there verbally instruct the jury
not to consider such statements of said prosecuting attorney.
Hatchell v. State, 84 S. W. Rep., 234; Pemberton v. State, 55 Texas
Crim. Rep., 464, 117 S. W. Rep., 837; Paschall v. State, 62 Texas
Crim. Rep., 177, 138 S. W. Rep., 759.

Bill No. 31 raises the question of misconduct on the part of
the jury, based on the fact that one juror, talked frequently with
his wife during the trial of the case without the permission of the
court, and in violation of article 748, C. C. P. The language of
this article plainly forbids any one being with the jury while they
are deliberating on a case and from communicating with a juror

after he has been impanelled except in the presence and by per-
mission of the court, in a felony case; and the officers in charge of
juries should be vigilant and careful to see' that the provisions of
this statute are carefully observed and that our trials are free from
criticism and are conducted according to law. The trial court be-
fore passing upon this matter, heard evidence *pro* and *con* bearing
on the matter set up in this bill and concluded that the matter
did not constitute such error as to justify the granting of a new
trial. The juror testified that his wife discussed with him only
matters concerning the home and the farm and that she did not
mention the case on trial in any way. She testified to the same
facts. The sheriff also testified that he heard part of some of the
conversations and that it was about the business at home. We feel
that this statutory provision is a wise and just one and that the
interests of both the State and the accused in a fair trial are so
great as to demand of officers and jurors an observance of its re-
quirements. Not only should the appearance of evil be avoided by
strict observance of this statutory rule forbidding communications
with the jury when the court is not present, but the further fact
is true that human nature is frail and prone to excuse itself, and
it is easily possible to conceive a case where the party conversing
with a juror, as well as the juror himself, fearful of punishment
for contempt, might not remember all that passed at such con-
versations and might deny mention of the case between them by
virtue of a convenient memory. We think the rule in cases of a
violation of the provisions of article 748, ought to be that injury
in such case is presumed unless the contrary is made to appear to
the satisfaction of the court; the trial court primarily, and ulti-
mately this court. Any presumption can be overcome by evidence
and in such case of presumptive injury the burden ought to be on
the State to satisfy the court that no injury has resulted from such
violation of the statute. In the instant case, we think the pre-
sumption of injury was met and overcome by the evidence showing
what the conversations were, and that no fact bearing on the case
was discussed between the juror and his wife. We observe, how-
ever, for the benefit of all parties that article 749, C. C. P., express-
ly embraces in a contempt proceeding, the juror and offending
person who violates the sacred rights of both the State and the
accused; certainly the trial court should strictly enforce these
safeguarding statutes. Sheriffs and deputies who wilfully or negli-
gently disregard them should be held to the same strict account as
jurors and outside offenders.

Bills of exceptions Nos. 32 and 33 relate to supposed errors in
the charge as to what facts would reduce an unlawful killing to
manslaughter, but inasmuch as appellant was only convicted of this
grade of homicide no error appears.

There was no error in refusing special charge on self-defense,

which was substantially the same as the special charge on that subject given at the request of appellant. We confess ourselves unable to find any facts in this record bearing out any theory of self-defense, even had the trial court refused both special charges asked on this subject.

Appellant complains of the verdict as being against the weight of the evidence on the defense of insanity, and asks a reversal for that reason. We do not think this court should reverse cases where the evidence is merely conflicting, and where the defense of insanity is interposed and the doctors placed on the stand by the accused make their statements that she was insane at the moment of the shooting, expressly and repeatedly dependent on the truth of what appellant swore as to her inability to remember the immediate facts of the killing, and further when the accused takes the stand and testifies in detail to all that occurred up to the moment of the shooting and what occurred after the shooting, and says that she is unable to remember only what occurred at the time of the same, and when other witnesses, whose testimony was apparently reliable, state that she is sane, we do not feel it proper to disturb the verdict.

We have gone through this record carefully and repeatedly, not content with a general statement as to a large number of the bills of exceptions that they were not sufficient to demand our review. Each has been carefully scrutinized and finding no reversible error the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

April 16, 1919.

LATTIMORE, JUDGE.—Appellant has filed an exhaustive motion for rehearing, in which her counsel have reviewed at length this court's action upon the several contentions as presented in her bills of exception and passed upon by this court in its original hearing of the case. It is urged that we were in error in that opinion in declining to consider the bills of exception which were too general to call for a review of the matters presented, and we have again considered each of these matters in the light of this motion. First let us observe that it is well settled that a bill of exceptions must be complete within itself, that it must not only show therein what transpired, and what the objection thereto was, but such objection must be set out and enough facts also must be stated in the bill itself, to make the error complained of apparent, without the necessity of this court searching through the entire record to see if perchance there be not something that will sustain the theory of said objections, and hence such bills if it show the ground of the

13—85 T. C. R.

objection made, was that the evidence was immaterial, irrelevant and prejudicial, will not be considered by us, unless it is made to appear from the bill itself why such evidence is not material and relevant and how such evidence is prejudicial. The reason and necessity for some such rule is too apparent to need discussion by us. Could it be expected that an appellate court should have to search through a record containing a hundred pages, as for instance in the instant case, where the statement of facts contains two hundred and forty-nine pages—in order to ascertain if there be any theory of the case upon which evidence might have some bearing, the only objection to which is that it is immaterial, irrelevant and prejudicial? Is it not perfectly manifest that the labors of this court would be interminable if such were the practice; and is it not clear it is the duty of the practitioner to put all those things in his bill and make his error apparent so that this court may therefrom decide the point raised?

Keeping this observation in mind, and as illustrative of the necessity for such rules, let us notice the first of appellant's bill of exceptions which it is insisted in the motion we erred in holding to be too general and insufficient to call for our review, which is bill No. 7. In this bill it is set forth that the prosecuting attorney asked Jack Mauney, a witness for the defendant, a number of questions which are set out, with their answers, as follows: "Q. You met Mug English Friday evening in Brashear, didn't you? A. Yes, sir. Q. Where did you meet him? A. I couldn't say exactly where I met him; I met him all over the place. Q. It rained a little that evening, didn't it? A. I don't remember whether it did or not; didn't rain much, if it did. Q. You and he were in the lumber shed weren't you? A. In the lumber yard, I think, we were not in the shed at all. Q. How long did you stay there? A. Two or three minutes." It is then stated that said evidence at the time it was offered was objected to by the defendant because it was irrelevant, immaterial, incompetent and prejudicial to the rights of the defendant, which objections were by the court overruled and the defendant excepts.

As stated above, this court held the bill thus stated in such condition as not to merit our consideration, and we can see now no error in our former ruling. It is impossible to tell which question and which answer were objectionable,, nor is there any statement of how any of the questions could have prejudicel appellant, nor is there one thing in the bill from which this court might obtain any light in striving to decide whether the answer to this or that question was competent or material. We might easily conjecture many hypotheses on which such evidence might be very material, and on the other hand we might conjecture hypotheses which might render such evidence immaterial. But it is clear that none of these hypoth-

eses, and nothing upon which we can base them, appear in the bill itself.

Appellant next insists in said motion that we should have considered her bill of exception No. 10 which we declined in the original opinion to consider because same was too general. Said bill is as follows:

"Be it remembered, that upon the trial of the above entitled and numbered cause, that while Allie Lee Mauney, a witness for the defendant, was testifying before the court and jury upon cross-examination by the State, the State asked the witness if she was not told while she was before the grand jury last winter, in February, if her attention was not called to the fact that she and Miss Maude had been at places and watched by people, and if she was not questioned specifically about her and her sister's conduct at Pleasant Grove school house one night; was she not questioned in the grand jury about the trip she and Lester Long and her sister and some other young fellows made up to the Pleasant Grove school house and if she was not questioned about a song that had been sung in the crowd that night, and the witness answered that she was brought before the grand jury, but that she did not know who had brought her there and didn't care; that she was questioned something about it, but did not remember that she was questioned about the song. The defendant's counsel objected to such questions and the testimony at the time it was offered, because it was immaterial and irrelevant and defendant was not present and same was not binding on the defendant and was prejudicial, which objections of the defendant were overruled by the court and the State's attorney was permitted to ask the questions and the witness to testify as above stated, to which action and ruling of the court the defendant then and there in open court excepted."

It will be noted at a glance that there is nothing in this bill as to any surrounding facts and nothing to show the materiality of the evidence or how or in what way the same was prejudicial or irrelevant, in fact, nothing but the statement, in substance, as to a number of questions and answers which were purported to have been asked and answered by the witness Allie Lee Mauney before some grand jury some time. The general objection to all of these was that such questions and answers were immaterial, irrelevant and prejudicial, that appellant was not present and same are not binding on her.

It is not clear how defendant's counsel expects this court to determine from the bill what merit there is in such objections; certainly, we are unable to find anything therein that would disclose lack of materiality or the absence of relevancy or the presence of any thing to prejudice the case. The mere facts, as stated, what occurred was in the absence of appellant does not effect the same. There are innumerable instances where predicates are laid and evi-

dence introduced as to what occurred and was said by witnesses and others out of the presence of the accused, and we do not suppose that it will be necessary to instance such cases. This is sufficient to call attention to the fact that the objections made and set out in this bill of exceptions are not such as to make it necessary for this court to violate the plain rules of practice and to search through this entire record to try to find some way in which this evidence was objectionable.

Deference to the earnest insistence of counsel for appellant might lead us to consider one by one again, the bills which our original investigation led us to conclude were insufficient, but it would unnecessarily prolong this opinion to do so. The bills which we have set out sufficiently show how well-founded were our conclusions, and we are constrained to believe that no good could result from an individual review of each ground of such former opinion. We believe from the record that the appellant has had a fair trial and that no reversible error is shown therein.

The motion for rehearing is overruled.

*Overruled.*