## JOHN PYLAND v. THE STATE.

### *No. 463.  Decided May 19.*

1. **Indictment—Burglary of Railroad Car—Ownership.**—An indictment for burglary of a railroad car, alleging that the same was occupied by one K., and that the burglarious entry was with intent to steal the property of said K. and one H.: *Held*, the indictment was not defective in failing to allege the ownership of the car in K., or the right by which K. was holding or occupying the same.

2. **Same—Statutory Law.**—In charging burglary from a house, it is sufficient for the indictment to allege that the entry was burglarious and without the consent of the occupant; and the same rule is made applicable by statute to a railroad car. Penal Code, art. 720.

3. **Same—Evidence—Want of Consent.**—On a trial for burglary of a railroad car with intent to steal the property of a certain person, it is permissible to prove by such person his want of consent, the character of his ownership of the property, and the fact that he was in control of the car at the time of the burglary.

4. **Defendant as a Witness—Compelling Accused to Testify Against Himself.**—Whilst it is true that section 10 of the Bill of Rights expressly declares that the accused, in a criminal prosecution, shall not be compelled to give evidence against himself, *Held*, that this right is waived when a defendant is sworn as a witness in his own behalf.

APPEAL from the District Court of Denton. Tried below before Hon. D. E. BARRETT.

This appeal is from a judgment of conviction for burglary of a railroad car or "caboose," the punishment assessed being a term of two years in the house of correction and reformatory, the jury by their verdict having found appellant to be under the age of 16 years.

A motion to quash the indictment was overruled. The grounds of this motion are fully stated in the opinion.

Appellant was a witness in his own behalf on the trial of the case. He testified, that he was born in Ohio; that he was 14 years of age; that for the past four years he had been tramping it in the States of Arkansas and Texas; that he had ridden in the cars all over Texas, oftentimes beating his way and sometimes paying his fare; that on the day of the alleged burglary he entered the cupola of the caboose through a window, and that after getting in he stole the articles testified to by the other witnesses, viz., a razor, hat, and pair of shoes, which he found in said caboose of the cars.

No briefs with the record.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—1. The indictment alleges that appellant, in the day-time, by force, etc., did break and enter a certain caboose there situate, the same being a railroad car attached to a train of freight

cars, the same being then and there accupied by David Knebbles, with intent, etc.; alleging an intent to steal the personal property of said Knebbles and one Hunter. Appellant moved to quash, because the ownership of the caboose, or the right in which the said Knebbles was holding and occupying the same, was not alleged. It is settled that, in charging burglary in a house, it is sufficient to allege that it was done burglariously, and without the consent of the occupant (Mace's case, 9 Texas Criminal Appeals, 111; Penal Code, article 706); and by article 720, Penal Code, the same rule is applicable to a railroad car. The court did not err in overruling the motion to quash.

2. The court did not err in permitting the State to prove want of consent on the part of said Knebbles, nor in permitting him to testify that he was in control of the car at the time the burglary was committed; nor did he err in permitting proof of the character and ownership of the stolen property. The charge was, that defendant burglarized the caboose with intent to steal the property of certain persons.

3. Appellant complains that the court erred in compelling him to testify against himself, in violation of section 10 of the Bill of Rights. The court did not err. The appellant was sworn as a witness in his own behalf, and thereby waived his right of not being compelled to testify against himself. King's case, just decided.

4. The evidence amply sustains the charge. Appellant testified fully as to his guilt. He admits he went in through a window of the cupola of the caboose, which was clearly proven to be an unusual mode of entering the same, and he admits stealing the goods of the parties charged.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.