### Dave McLain v. The State.

No. 1149.    Decided April 26, 1911.

**1.—Murder—Indictment.**

Where upon trial of murder, the indictment followed approved form there was no error. Following Ringgold v. State, 54 Texas Crim. Rep., 566.

**2.—Same—Evidence—Moral Turpitude.**

Upon trial of murder there was no error in permitting the State to ask the defendant, while he was on the witness stand, if he had ever been convicted of a felony.

**3.—Same—Evidence—Contradicting Witness.**

Upon trial of murder there was no error in permitting the State, on cross-examination of defendant's witness, to show that a short time prior to the homicide the defendant had struck deceased with a rock.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial of murder the evidence was sufficient to support a conviction of murder in the second degree, there was no error.

Appeal from the District Court of Tom Green. Tried below before the Hon. J. W. Timmins.

Appeal from a conviction of murder in the second degree; penalty, fifty years imprisonment in the penitentiary.

The State's testimony showed that defendant and deceased had a wordy altercation just before the shooting, and that as deceased was leaving him, and had gone about fifteen feet from defendant, he shot her twice and killed her; that when defendant surrendered to the officer he said he had killed his wife without cause; that no weapon of any kind was found on the body of deceased immediately after the shooting.

Defendant testified that he killed his wife in self-defense as she was about to draw a pistol upon him, as he supposed.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was indicted, charged with the murder of his wife. Upon a trial he was convicted of murder in the second degree, and his punishment assessed at fifty years confinement in the penitentiary.

1. The first ground in the appellant's motion for a new trial complains of the action of the court in refusing to quash the indictment. The indictment in this case has been frequently approved by this court. Ringo v. State, 54 Texas Crim. Rep., 566.

2. The second and third grounds relate to the fact that while the defendant was on the stand as a witness, the State was permitted to ask him if he had ever been convicted of a felony. When a defendant becomes a witness he is subject to the same cross-examination as any other witness, and it is permissible to show that he has been convicted of an offense involving moral turpitude to affect his credibility as a witness, unless such conviction is remote. In this case, it not being shown nor objected to on the ground that it was too remote, the court did not err in permitting the question.

3. The fourth assignment urges that the court erred in permitting the witness, Sallie Roberts, to testify that defendant, a short time prior thereto, had struck the deceased, his wife, with a rock. This was a witness for defendant, and she had testified that she did not know of any previous difficulty between defendant and deceased, afterwards admitting that she did remember an occasion when defendant had struck deceased with a rock. The objections urged to this testimony are not tenable.

4. The only other assignment of error is that the evidence is insufficient to support the verdict. We think the evidence abundantly supports the verdict. The deceased was shot from the rear, while she was running from defendant, if the evidence of the physician and others is to be believed, and the defendant being convicted only of murder in the second degree, has no ground for complaint.

The judgment is affirmed.

*Affirmed.*