## Walter Carneal v. The State.

### No.  5432.  Decided November 26, 1919.

1.—Burglary—Occupancy—Election by State—Verdict.

Where, upon trial of burglary, the indictment in separate counts charged that the burglarized house was occupied by different persons, but the evidence showed that one of these persons was the owner of the house, and leaving his furniture therein to go to another state with the view that he might locate there, requested his brother, the other person alleged in the indictment, to look after the property in the house and to see that the doors were locked, etc., with which request his brother complied, and there was a general verdict of guilty, the contention that there was a failure to prove occupancy as alleged, and to require the State to elect was untenable and there was no error.  Following: Pyland v. State, 33 Texas Crim. Rep., 382, and other cases.

2.—Same—Breaking—Locked Doors.

Where, upon trial of burglary, it was shown that the particular room from which the articles were taken was closed, a conflict in the evidence whether the doors of the entire house were closed was immaterial and there was no reversible error.

3.—Same—Continuance—Practice on Appeal.

Where the record on appeal showed that the alleged absent testimony set out in the motion for continuance would not have brought about a different result, there was no reversible error.

4.—Same—Want of Consent—Charge of Court.

Where, upon trial of burglary, it was shown that the alleged property was taken from the house alleged to have been burglarized without the consent of either of the occupants, there was no error in the court's failure to give a requested charge on this subject.

5.—Same—Bill of Exceptions—Practice on Appeal.

Upon trial of burglary, where the bill of exceptions failed to set out explanatory facts to indicate that there was harm in admitting certain testimony with reference to the description of certain property taken from the house, there was no reversible error; and the same rule applied as to the refusal of a requested charge, nor was it error to show that certain property was in possession of defendant which was taken from the burglarized premises.  Following: Davidson v. State, recently decided.

Appeal from the District Court of Erath.  Tried below before the Hon. J. B. Keith, judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Johnson,* for appellant.—On question of occupancy: Hall v. State, 3 S. W. Rep., 338;  White v. State, 25 S. W. Rep., 290.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for burglary. This is a companion case to Davidson v. State, No. 5413.

The indictment in separate counts charged the house was occupied by W. L. Hunt and C. A. Hunt. It developed that W. L. Hunt was the owner of the house and that it was his place of abode; that leaving his household furniture therein he had gone to the State of California with the view that he might locate there in the event he was satisfied. During his absence he requested his brother, C. A. Hunt, to look after the property in his house and to make it convenient to go to the premises, see that the doors were kept locked, and to ship him the furniture in the event he wanted it done and instructed him how to enter the premises. The brother, C. A. Hunt, undertook to comply with this request and did so. Based upon these facts the appellant contends that there was a failure to prove occupancy as charged in the indictment, and also contends that there was error in refusing to require the State to elect upon which count the prosecution would be maintained. There was a general verdict of guilty.

The prosecution was based upon one transaction, and two counts touching the ownership were inserted to avoid a variance. Gonzales v. State, 12 Texas Crim. App., 657; Dalton v. State, 4 Texas Crim. App., 333; and cases listed in Branch's Annotated Texas Penal Code, p. 233. The term occupancy and ownership are treated in the decisions as synonymous. ·Pyland v. State, 33 Texas Crim. Rep., 382. The restrictive constructive contended for by appellant is not to be given. It was not necessary that there should be someone actually living in the house in order to constitute occupancy.

There was an issue of fact as to whether the door of the house was open on the occasion of the offense, and there was on this issue a conflict of evidence, several witnesses testifying to having passed the house on various occasions and seen it unlocked or one of the doors open, others testifying that they had passed it and seen the doors closed. It seems to have been proved without controversy that the particular room from which the articles were taken was closed.

An application for continuance was filed for two witnesses. One of these, Fincher, would have testified he was familiar with the premises and had frequently passed there, and that there was no one living in the house and that he in the month of October prior to the burglary had seen the door open. The other witness would have testified there was no one living in the house and that he on various occasions had passed the premises and seen the door open. The offense took place on the 10th of December. It was conceded that the door was open on various occasions, some parties having gone into it in pursuance of looking after the property. The diligence for one of these witnesses was insufficient, and the court in qualifying the bill says that it was shown that neither of them

would give the testimony alleged, and that if given it would not have changed the result. In view of the evidence as disclosed by the statement of facts it appears quite evident that the absent testimony would not if present have brought about a different result.

Exceptions to the charge based upon the submission of the want of consent of W. L. Hunt or C. A. Hunt are not tenable. It was affirmatively shows that the property was taken without the consent of either of these men.

The bill complaining of testimony describing a rope and other property that was left in the garage and smokehouse of W. L. Hunt is not accompanied with such explanatory facts as indicate that there was harm in admitting the testimony even if it should have been rejected. The same may be said of the bill referring to the refusal of the court to instruct the jury that they should disregard the testimony to the effect that a mattress was identified as having come from the burglarized premises. The bill gives no information touching the relation of this matter to the case. Examination of the statement of facts discloses that the witness W. L. Hunt testified that with the other property taken from the premises he found a mattress which he identified as his property and as having been taken from the house. Nor was there error in permitting proof that appellant was in possession of a rope stolen from the burglarized premises at the same time the property described in the indictment was taken.

We find no error in the record and refer for citation of authorities to the companion case, Davidson v. State recently decided.

The judgment is affirmed.

*Affirmed.*