CARTER ROLLINS V. THE STATE.

No. 15567. Delivered October 26, 1932.
Reported in 53 S. W. (2d) 786.

The opinion states the case.

*Moore & McConnell,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment having been assessed at death.

Appellant was charged with having killed David R. Reed by shooting him with a gun. On the 19th day of October, 1931, deceased, his wife and daughter, had been picking cotton for a neighbor, Mr. Myatt, who lived about two and a half miles from deceased's home. About sundown, when the Reeds were ready to return home, he could not get his car started, and Mr. Myatt took deceased and his family home in his (Myatt's) car. As he drove up to the residence of deceased, appellant was seen to be running away from the house, having a shotgun in his hands. Deceased jumped out of the car and ran after him.

The wife and daughter of deceased followed him. As deceased approached a granary, he was shot by appellant, who was behind it. Deceased's daughter ran to him, and appellant pointed the gun at her, whereupon she fell to the ground near her father's head. Appellant went away, taking the gun with him. Deceased was in his shirt sleeves and unarmed at the time, and had nothing whatever in his hands. His wife says that just before appellant fired deceased threw up his hands. Appellant was apprehended the second day after the killing. Deceased died on the night of the day he was shot. Deceased had a twelve-gauge double-barrel shotgun and the shells for it in his house when he left to go pick cotton for Myatt. The shotgun and shells were discovered to be gone when a search was made after the killing. The trousers which appellant was wearing when arrested was produced in court, and, as we understand it, was identified as having belonged to deceased. Two twelve-gauge shotgun shells were also found in appellant's possession at the time of his arrest. A shotgun was produced at the trial which was identified as the gun belonging to deceased. It does not appear from the record where it was found. Appellant was identified positively by Myatt, Mrs. Reed, and her daughter as the negro who killed deceased. Berkley, who lived about a half mile from Reed's place testified that he heard the shot which killed Reed, and that about thirty minutes before that time he saw appellant going through a pasture directly towards Reed's house.

The only defense interposed was the claim that appellant was insane. The issue on this point was closely drawn and vigorously combatted by the state. The issue was submitted to the jury in a way which brought no objection from appellant's counsel. The finding was adverse to appellant, and is cogently supported in the evidence.

No objection whatever was urged to the charge of the court. No bills of exception are found in the record complaining of any procedure during the trial. In quite a lengthy amended motion for new trial, sworn to only by appellant, he attacks the fairness of one of the jurors; he also avers that additional evidence was received from another juror; also that the jury engaged in other misconduct. He also complains in the motion that some argument of the state's attorney was improper, and of the admission of certain evidence. No bills of exception are brought forward presenting complaint of the argument, nor of the reception of any evidence. The truth of the happenings of such things must be authenticated by the trial judge in a

proper bill. Neither are the other averments in the motion supported by proof of any character. The amended motion for new trial, although sworn to by appellant, does not establish the truth of the things therein averred. The motion is only a pleading, and has often been so held. Johnson v. State, 111 Texas Crim. Rep., 395, 13 S. W. (2d) 114, and authorities therein collated.

The judgment is affirmed.

*Affirmed.*