ISAAC DAVIS V. THE STATE.

No. 16022.  Delivered May 17, 1933.
Reported in 60 S. W. (2d) 783.

The opinion states the case.

*Woodard & Edgar,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Arthur Dowd by shooting him with a gun.

Appellant's wife had been employed in the hotel operated by deceased. For some reason she had been discharged. Accompanied by his wife, appellant went to the hotel and asked deceased about discharging his wife. According to the version of the state, when deceased told appellant to see the housekeeper about the matter, appellant said: "You haven't heard the end. of this yet." Deceased got up and started to walk around his desk. As he did this he said: "What do you mean by that?" Appellant drew a pistol from his pocket and fired several shots. Deceased fell, mortally wounded. There was testimony on the part of the state that prior to going to the hotel appellant had threatened to kill deceased.

Appellant testified that deceased opened his desk drawer and was drawing a pistol on him; and that, believing his life was in danger, he fired the fatal shots. He offered proof to the effect that deceased was high tempered and overbearing.

While there was no exception to the charge of the court for

submitting an instruction covering the law of provoking the difficulty, in view of another trial, it is suggested that such instruction be eliminated. We fail to find any testimony in the record which, in our opinion, raises the issue.

The judgment must be reversed because of misconduct of the jury. From the testimony heard on the motion for a new trial, the following, in substance, is shown: After the impanelment of the jury, and before the rendition of a verdict, various members of the jury were permitted by the officers in charge to carry on telephone conversations. These conversations were had out of the presence and hearing of the court. The officers said that the conversations were had with the wives of the jurors. They were unable to hear all that was said by the jurors, and, of course, heard none of the conversation from the other end of the line. One of the officers said he did not know how many jurors talked over the telephone. He said that they talked from the courthouse and from the restaurant where they were taken for their meals. He testified that the court told him to let the jurors talk over the telephone concerning their private matters.

Only the officers in charge testified touching the misconduct of the jury. The wives of the jurors were not called, nor did any of the jurors testify on the hearing.

Article 671, C. C. P., provides that no person shall be permitted to be with the jury while they are deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, or except in a case of misdemeanor, where the jury have been permitted by the court to separate. Under the terms of this article no person shall be permitted to converse with a juror about the case on trial. Article 673, C. C. P., imposes upon the officer in charge of the jury the duty of keeping them together and preventing intercourse with any other person. It is clear that there was a violation of the statutory provisions to which reference has been made. Under the circumstances, the presumption of injury obtains. Lewis v. State, 58 S. W. (2d) 827, and authorities cited. In Mauney v. State, 210 S. W., 959, Judge Lattimore, speaking for the court, used language as follows: "We think the rule in cases of a violation of the provisions of article 748 ought to be that injury in such case is presumed unless the contrary is made to appear to the satisfaction of the court; the trial court primarily, and ultimately this court. Any presumption can be overcome by evidence, and in such case of presumptive injury the burden ought to be on the

state to satisfy the court that no injury has resulted from such violation of the statute."

The failure of the state to call the jurors and the persons with whom they had conversed leaves the record in such condition that we are unable to reach the conclusion that the presumption of injury was overcome. In short, the state made no effort to discharge the burden demanded by the law. The state's attorney before this court confesses that the matter presents reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.