### SKINNER PUNCHARD V. THE STATE.

No. 16012.  Delivered May 31, 1933.
Reported in 61 S. W. (2d) 495.

The opinion states the case.

*I. J. Burns* and *Newman & McCollum,* all of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, theft; the punishment, 2 years in the penitentiary.

The state's evidence shows that one G. C. Kirk was in the men's furnishing business in the town of Brady and on or about July 9, 1932, he found upon investigation of his store that there were some 10 or 12 suits of clothing and 10 pairs of shoes taken therefrom. He testified that the cash market value of the suits was about $25.00 apiece and of the shoes about five or eight dollars a pair and he did not give anyone permission to take the property. That a day or two after he had missed the clothing he was shown a sack which contained two suits of clothing with an extra pair of pants and they were stolen out of his place.

Love Kimbrough, the sheriff of McCulloch County, testified that he saw the appellant, Skinner Punchard, some four or five miles east of the town of Brady. The appellant was sitting down at the time under a railroad culvert and the appellant ran some two hundred yards when he came up and he caught him and found a sack under the culvert which contained two new suits of clothes and two used pair of pants, three shirts, and a suit of underwear; that one Joe Perry also ran out from under the culvert and got away but was later taken into custody. He further testified that at the time he arrested the appellant, the appellant told him that Joe Perry had the sack and he just put his clothes in said sack and that the two new suits of clothes were not his and the two suits of clothes identified by the witness Kirk were in the sack belonging to Joe Perry when he put his clothes in there. The witness further testified that he only found two new suits of clothing in said sack and all the rest were old clothes.

The appellant testified in his own behalf and stated that he did not have anything to do with the taking of any shoes or suits of clothes from Mr. Kirk's store; that he did not go into the store and that Joe Perry had come by his house and asked him if he would go to Brownwood with him; that he had some of his clothes in a paper sack and at the time the said Joe Perry had the sack with him and he told the appellant to put his bundle in the sack, which he did, so that it would make it easier for them to get on the train. That at the time he put his

clothes in there he did not know that the said Joe Perry had any stolen property in the sack. Appellant also offered evidence seeking to establish an alibi.

By bill of exception appellant complains of the action of the trial court in overruling his plea of former jeopardy. It seems from the record that the appellant filed a special plea in bar, pleading a former acquittal for the same offense and setting up that an indictment had theretofore been returned against him charging this defendant in two counts, one with having burglarized a house under the control of one G. C. Kirk, and in the other count charging this appellant with the unlawful and fraudulent receiving from one Joe Perry certain corporeal personal property belonging to the said G. C. Kirk of the aggregate value of $460.00; that this indictment was returned against him on or about the 4th day of October, 1932. That he was tried under said indictment and had been acquitted . He further alleges that the indictment in this case under which he was called to plea was returned against him on the 26th day of October, 1932, which said indictment charged him with the theft of the same personal property which the former indictment charged him with having received and concealed from the said Joe Perry, and that the act charged in the second indictment was the same identical act and transaction.

In connection with appellant's plea of former jeopardy, the record shows it was agreed by the district attorney and the appellant that the appellant was indicted as alleged by the appellant in his plea and that the appellant had been tried and acquitted under said indictment on the charge of burglary, and also the charge of receiving and concealing stolen property knowing it to have been stolen; that afterwards the appellant was indicted for the offense of theft, that being the cause now upon trial; that the property alleged to have been stolen was the identical property alleged to have been received and concealed and that the evidence offered upon this trial would be the same evidence offered in the trial of this defendant under the former indictment. The court overruled and refused said plea and refused to submit the matters contained therein as an issue before the jury, to all of which action the bill shows that the appellant in open court excepted.

Article 1399, P. C., provides: "If a house be entered in such a manner as to be burglary, and one guilty of such burglary shall after such entry commit any other offense, he shall be punished for burglary and also for whatever other offense is so committed." The appellant concedes that under this statute the state had the right to prosecute the appellant for the offense

of burglary and also for the offense of theft, but contends that the district attorney having, in his original indictment for burglary, also charged the offense of receiving and concealing stolen property and the appellant having been acquitted of both of the offenses, the state was thereafter forever barred from further prosecution for the offense of theft. The cases cited by appellant are not deemed to be in point. In order to support a plea of former acquittal it is necessary that it be shown that the accused could have been convicted on the first indictment for the offense charged in the second. Irvin v. State, 7 Texas App., 78; Carlile et al. v. State, 262 S. W., 489. There are numerous authorities to the effect that theft and receiving and concealing stolen property are separate and distinct offenses, even though said theft and the transaction involving the receiving and concealing of stolen property grew out of the same criminal enterprise relied upon to establish the guilt of burglary. Gaither v. State, 21 Texas App., 527, 1 S. W., 456; Wheeler v. State, 34 Texas Crim. Rep., 350, 30 S. W., 913; Kaufman v. State, 70 Texas Crim. Rep., 438, 159 S. W., 58; Brown v. State, 15 Texas App., 581. It will thus be seen that under the decisions of this court appellant could not have been convicted on the first indictment of the offense charged in the second.

The appellant contends that the court should have granted his motion for new trial based upon misconduct of the jury. In his motion for new trial it was alleged that after the jury had retired to consider their verdict and before a verdict was arrived at or returned into court by the jury, various members of the jury communicated over the telephone with parties unknown to the appellant. Attached to said motion for new trial was the affidavit of one of the jurors to the effect that three of the said jurors had conversations over the telephone in the office of the district clerk and he heard these parties talking with someone over the phone but he did not know what conversation they had or with whom the said conversations were had. In the bill of exception to the refusal of the court to grant the appellant a new trial on the ground of misconduct of the jury, it is certified by the court that having made an investigation of same he found that the matters set out in said affidavits of the jurors were true and that certain members of the jury communicated by telephone in the office of the district clerk and talked to parties other than jurors over the telephone and some of the jurors talked by long distance to various parties. It is also shown by said bill of exception that none of the said jurors alleged to have talked over the telephone were called by the

state to testify and none of the persons who talked to the jurors were called and interrogated as to the conversations.

Article 671, C. C. P., provides, among other things, that "no person shall be permitted to be with the jury while they are deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, or except in the case of a misdemeanor where the jury have been permitted by the court to separate." The language of this article plainly forbids any one being with the jury while they are deliberating on the case and from communicating with a juror after he has been impaneled except in the presence and by permission of the court in a felony case. In Mauney v. State, 210 S. W., 959, it is said: "We think the rule in cases of a violation of the provisions of Art. 748, (Now Art. 671) ought to be that injury in such cases is presumed unless the contrary is made to appear to the satisfaction of the court; the trial court primarily, and ultimately this court. Any presumption can be overcome by evidence, and in such case of presumptive injury the burden ought to be on the state to satisfy the court that no injury has resulted from such violation of the statute." See, also, Early v. State, 51 Texas Crim. Rep., 382.

The failure of the state to call the jurors and the persons with whom they had conversed leaves the record in such a condition that we are unable to reach the conclusion that the presumption of injury was overcome. The state's attorney before this court confesses that the matter presents reversible error.

The judgment is reversed and cause remanded..

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.