## LEE PARKER, ALIAS SHORTY, v. THE STATE.

No. 17083. Delivered December 19, 1934.
Reported in 77 S. W. (2d) 532.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, and *A. L. Bevil,* of Kountze, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

The law, article 760, C. C. P., is to the effect that bills of exception may be filed within thirty days after adjournment of the term of court at which the trial took place; and in cases tried in courts which by law may continue more than eight weeks, the bills of exception shall be filed within thirty days after final judgment. In either instance the court may, by order entered before the expiration of the thirty days, extend the time within which the bills of exception may be filed.

In the present instance, the court adjourned on the 6th day of April, 1934. The bills of exception were filed on the 10th day of July, 1934. On April 5, 1934, appellant was allowed, by order of the court, eighty days after adjournment within which to file the bills of exception. The eighty days expired on June 25, 1934.

Objecting to the consideration of the bills of exception, the State's attorney invokes the ruling of this court in Border v. State, 71 S. W. (2d) 515, and Jones v. State, 32 S. W. (2d) 464, and other cases to the effect that after the expiration originally allowed for filing bills of exception the court is without power to give additional time within which they may be filed. The action of the court in the present instance seems to come within the inhibition mentioned; that is to say, on the date when the court entered the order extended the time for filing the bills of exception for fifteen days the time originally allowed had expired.

The conviction in the instant case is for robbery committed upon the person of A. J. Shearer. The evidence is sufficient to show the robbery and to identify the appellant as the perpetrator.

As indicated above, the documents found in the record cannot be treated as bills of exception for the reason that they were not filed within the time prescribed by law. Reference to and quotation from them, if any, hereinafter made, are intended merely to illustrate the condition in which the record is presented before this court.

In the document denominated Bill of Exception No. 1, explanatory of the condition of the record, it is stated as a reason for the failure to file the bills of exception in time that the attorneys originally employed were expected by appellant to perfect his appeal, but that to his surprise they failed to do so, which failure came to his attention too late to perfect the

record by filing the bills of exception within the time allowed by law. The trial judge explaining his action in extending the date when the bills of exception might be filed states that late on the 3rd day of July, 1934, the documents were delivered to him by one of the attorneys whose name is signed to the papers in the present record, and that the circumstances, namely, the absence of the court reporter and the absence of the statement of facts which would be needed by the court in passing upon the bills of exception, impelled him to make an order extending the time within which the bills of exception might be filed. For the reasons heretofore stated, the bills of exception cannot be considered. We are somewhat confused by the record touching the matter of the substitution of attorneys due to the fact that the documents all bear the signatures of the three attorneys who represented the appellant in prosecuting the appeal, at least two of them being the same attorneys who it is claimed abandoned the appeal. The motion for new trial is also signed by the attorneys mentioned and is sufficiently authenticated by the trial court to entitle it to consideration. We find no affidavit or other verified statement to the effect that the attorneys had been remiss in abandoning the appeal. It is conceived that to bring a matter of that nature before the appellate court, it would require the oath of the appellant or some one cognizant of the facts and not merely a recital as is reflected by the record in the present case.

The facts set up in the motion for new trial are in substance as follows: After the trial began and before the evidence was closed and while the jury was in a barber shop, one of the jurors became sick. The sheriff was called. He conducted the juror across the street to a nearby drug store where there was administered some medicine to check the cramp in his intestines caused by his sickness. No one talked with the juror on his way from the barber shop to the drug store. All that was said in the drug store was in the presence of the sheriff who had the juror in custody, which was to the effect that the juror had had the flux the night before; that he was cramping and was in need of something to relieve him; that no other conversation took place. No permission of the court was asked, but the sheriff, upon finding the juror suffering with pain, proceeded as above stated. Lockett, the druggist who administered the medicine to the juror, was called as a witness. He testified that the juror explained to him that he had been suffering from flux the night before and the witness administered some medicine which was intended to relieve the suffering of the juror. No conversation

took place between the juror and the druggist upon any other subject. The sheriff was present and heard all that was said. McGahee, the juror, likewise testified upon the hearing of the motion for new trial. His statement was in substance the same as that hereinabove stated, namely, that he was suffering with flux; that in company with the sheriff he went to a druggist who administered some medicine; that no conversation on any other subject was had; that all that was said was in the presence of the sheriff who had the juror in custody. The deputy sheriff testified on the hearing that he was with the remainder of the jurors during the absence of McGahee; that nothing took place touching communications with the jurors other than as hereinabove stated. The distance from the barber shop to the drug store was about a block. The court stated in writing over his official signature that he heard the testimony; that neither the juror nor any member of the jury had opportunity to discuss the case; that the evidence showed that no injury was done and no violation of law had taken place; that the matter of so-called separation was due to the emergency occasioned by the sudden illness of the juror; that the court delayed the trial of the case to permit the juror to sufficiently recover. The cases in point are Brice v. State, 57 S. W. (2d) 832; Cook v. State, 90 Texas Crim. Rep., 424; Faulk v. State, 106 Texas Crim. Rep., 504; Newton v. State, 114 Texas Crim. Rep., 537; Patterson v. State, 106 Texas Crim. Rep., 553; Davis v. State, 120 Texas Crim. Rep., 330.

In the motion for new trial appellant complains of certain remarks made by the prosecuting attorney. To enable this court to appraise a complaint of that nature, it will be necessary that there be a bill of exception authenticated by the trial judge showing that the arguments were made, the circumstances attending them and the rulings of the court in connection therewith. There is no authentication by the trial court. The document is signed alone by the appellant. Among the authorities requiring that such matters be presented by bill of exception, we note the following: Tex. Jur., vol. 4, p. 389, sec. 261, and cases cited; also Rollins v. State, 53 S. W. (2d) 786. Since the bills of exception are not in a condition to authorize consideration, the complaints of the argument cannot be appraised.

On the record before us, we are constrained to order that the judgment be affirmed, which is accordingly done.

*Affirmed.*