## JOE BAILEY AVIRETT v. THE STATE.

No. 17635. Delivered June 12, 1935.

648

The opinion states the case.

*Jim Weatherby* and *Orbille M. Jobe*, both of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance that appellant, with malice aforethought, killed James Malcolm Stewart by shooting him with a pistol.

It is shown in bill of exception No. 2 that appellant made a motion to quash the special venire on the ground that it was not drawn in accordance with the provisions of article 591, C. C. P., as amended by chapter 315, General Laws, 42nd Legislature, Regular Session. We quote the article, in part, as follows:

"In all countes having a population of at least fifty-eight thousand, or having therein a city of twenty thousand or more population, as shown by the preceding Federal Census, whenever a special venire is ordered, the District Clerk, in the presence of and under the direction of the Judge, shall draw from the wheel containing the names of the jurors the number of names required for such special venire, and prepare a list of

such names in the order in which drawn from the wheel, and attach said list to the writ and deliver same to the sheriff. * * *."

The evidence heard on the motion to quash disclosed that the district clerk drew the names from the wheel and placed the cards containing said names in the order in which they were drawn and handed them to the district judge, who was present during the time of the drawing. The cards were then delivered by either the district judge or the clerk to a deputy sheriff, who took said cards to his office where, in the absence of the judge, he prepared a list of the names in the order in which they had been drawn from the wheel. Manifestly, the statute was not complied with in that the list was prepared by the deputy sheriff out of the presence of the court. However, in view of the fact that the case must be reversed on other grounds, we deem it unnecessary to decide whether the departure mentioned should work a reversal of the judgment.

From the testimony heard on the motion for a new trial the following, in substance, is shown: After the impanelment of the jury, and before the rendition of a verdict, various members of the jury were permitted by the court, in the presence of the court and the entire jury panel, to carry on telephone conversations with their business associates and members of the families of said jurors. The court had stated to the jury in the presence of appellant and his counsel that they would be permitted to talk over the telephone in the presence of the court. Neither appellant nor his counsel consented, but both remained silent. The jurors testified that no mention was made of the case. The trial judge testified that none of the jurors talked about the case. He testified, however, that he did not hear what the parties at the other end of the line said. The parties to whom the jurors talked were not called and it was not shown by the State that they were not available as witnesses.

Article 671, C. C. P., provides that no person shall be permitted to be with the jury while they are deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, or in a case of misdemeanor, where the jury have been permitted by the court to separate. Under the terms of said article no person is permitted to converse with a juror about the case on trial. In Hogan v. State, 74 S. W. (2d) 988, this court said: "We would not be disposed to give the term 'in the presence of the court' such interpretation or effect as might, in all cases, sanction a conversation which was not in

the hearing of the court." It is obvious that by the use of the telephone a juror while in the presence of the court might be tampered with, the court being unable to hear the entire conversation. See Early v. State, 51 Texas Crim. Rep., 382. We think article 671, supra, manifestly requires that the party who converses with the juror be in the presence of the court, as well as the juror himself. Under the circumstances, the opinion is expressed that there was a violation of the statute and, further, that, in not calling the parties to whom the jurors talked, the State failed to discharge the burden of showing that no injury resulted. Davis v. State, 60 S. W. (2d) 783, and authorities cited.

The State proved that appellant and his companion stated to a witness that they had killed deceased. This declaration was not received on the theory that it was res gestae, and no effort was made to bring it within the rule of res gestae. It was properly received as a confession of guilt. It is added that the parties were not under arrest but were forcing the witness to whom the statement was made to carry them away from the scene of the killing. Appellant offered to prove by the same witness that after they had driven several miles appellant and his companion made the further statement to him in effect that they shot deceased because certain indecent conduct on the part of deceased toward them had caused them to become angry. This testimony should have been received, as it was admissible under the terms of article 728, C. C. P., which reads as follows: "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

In Sanderson v. State, 3 S. W. (2d) 453, and Pratt v. State, 109 S. W., 138, the statute was held applicable notwithstanding the explanatory statements were made to the witnesses forty minutes or more after the declarations introduced by the State had been made to said witnesses. We quote from Pratt v. State, supra, as follows: "The true criterion and test for determining the admissibility of such statements is, are they necessary to make any other act or declaration of a defendant, which has been proved by the prosecution, fully understood, or do they explain same? Wood v. State, 28 Texas App., 61, 12 S. W.,

405. We think this is the true criterion, and the true test, and that, measured by this test as applied to this case, the proposed testimony was admissible. The declarations and statements of appellant offered in evidence by the State went to the extent only that they would find Lide dead, and that he had shot him. In this testimony so introduced by the State there was an unequivocal admission that he had killed Lide, without explanation or undertaking to account for the circumstances under which the killing was done. In the conversation and statement sought to be proved appellant undertook to give, and did give, the explanation, reasons, grounds, and circumstances of the killing. This testimony was explanatory of the killing, and contained appellant's justification for the homicide. It is, however, insisted with much force, and not without some plausibility, that the Greene case and others cited arose and were decided before this statute was enacted permitting defendants to testify in their own behalf, and that the rule adopted in the above cases should not now be followed; for the reason that, as applied to the facts of this case, the defendant has had the benefit of the excluded testimony in that he became a witness in his own behalf, and on the trial testified to substantially the facts sought to be proved as hereinbefore set out. The fallacy of this position, however, consists, as we conceive, in this fact: The State had put in evidence the declaration of the appellant that he had killed the deceased. It stood before them therefore, not only as an admission of the fact, but as a statement and admission of the killing without any justification or excuse claimed for having done so. Notwithstanding the appellant may months afterwards, on the trial, have undertaken and been permitted in his testimony to state the facts of the homicide, he would yet be denied the benefit of an explanation made about the same time which, in fairness, should be considered along with his admissions of the act of killing. We can well understand how, in the absence of such testimony giving the declarations and conversation explaining the killing on the same day of the other admissions, that that circumstances could be used against him before the jury with telling effect, and it could and doubtless would be claimed that his subsequent testimony, given months after, was so wholly inconsistent with the prior declarations that, in view of his interest in escaping punishment, might well be disbelieved by the jury, and attributed by them to the dictates of self-interest, and possibly lead to the belief that such account was fictitious and manufactured for the occasion."

If upon another trial there is no issue as to the identity of

deceased, the State should not be permitted to introduce his photograph.

The judgment is reversed and the cause remanded.

*Reversed and remanded*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.