## HOLDER v. STATE.
### No. 21014.

Court of Criminal Appeals of Texas.
May 8, 1940.

On Rehearing June 26, 1940.

Rehearing Denied Oct. 16, 1940.

614

John J. Watts, of Crane, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant received at the hands of a jury a verdict of two years in the penitentiary in punishment for the charged crime of theft of property over the value of fifty dollars.

This case began with a plea of not guilty, and after the testimony was all in it seems that appellant changed such plea to that of guilty, and endeavored to obtain a suspended sentence, leaving such to be the only matter to be determined by the jury.

Bill of exceptions No. 1 complains because of the fact that the State was allowed to prove, over appellant's objections, that one Leffel had lost a saddle by theft on the same night that the seven saddles were stolen, that were the subject of the herein indictment. Without going into a further discussion of this bill, we think an answer thereto lies in the fact that it was not shown who took Mr. Leffel's saddle unless by inference, and that inference came from appellant's own testimony in that he stated upon his cross-examination that he had left eight saddles in Kansas and Oklahoma, whereas he was charged with the theft of only seven saddles. We see no error of importance reflected in this bill.

Bill of exceptions No. 2 complains because of the trial court's failure to sustain a challenge for cause to a certain juror, whose voir dire examination was contended to show that he was prejudiced against a suspended sentence, and upon whom appellant was compelled to exercise a peremptory challenge. The bill does not show that appellant exercised all of his peremptory challenges and was forced to take an unsatisfactory juror by virtue of the court's ruling as to the juror who was thus peremptorily challenged. In the condition in which this bill appears we see no error reflected.

Bill of exceptions No. 3 is concerned with the following remarks of the dis-

trict attorney in his argument before the jury: "He seems to have been on mighty good terms with that man in Kansas. He must have been there before."

■ From the record before us it is shown· that appellant took four of these stolen saddles and left them with a friend of twenty years' standing in or near Arkansas City, Kansas, and asked this friend to keep them for him (appellant) until he came after them. We think the remarks were a fair comment on the testimony.

■ Bill of exceptions No. 4 shows the following occurrence:

Appellant's attorney called the appellant to the witness stand with the following statement: "I want to put the defendant on the stand for the purpose only of showing he has never been convicted of a felony in this State or in any other state." Whereupon the appellant took the stand and testified relative to his application for a suspended sentence, and the district attorney then proceeded to question him relative to the matters set forth in the indictment, and eventually obtained an admission on the part of appellant that he had stolen these saddles from the person named in the indictment.

Mr. Branch, in his Penal Code,. p. 83, says: "When defendant takes the stand as a witness he is subject to the same rules as any other witness. He may be contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of defendant, except where some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case, his failure to testify on a former trial or hearing, and the like. Huffman v. State, 28 Tex.App. 179, 12 S.W. 588; Mc-Fadden v. State, 28 Tex.App. [241], 245, 14 S.W. 128; Mendez v. State, 29 Tex.App. 608, 16 S.W. 766; Jackson v. State, 33 Tex.Cr.R. [281], 287, 26 S.W. 194 [47 Am.St. Rep. 30]; Hutchins v.. State, 33 Tex.Cr. R. [298], 299, 26 S.W. 399; Pyland v. State, 33 Tex.Cr.R. 382, 26 S.W. 621; May. v. State, 33 Tex.Cr.R. 74, 24 S.W. 910; Hargrove v. State, 33 Tex.Cr.R. [431], 456, 26 S.W. 993; Thomas v. State, 33 Tex.Cr.R. [607], 615, 28 S.W. 534; Brown v. State, 38 Tex.Cr.R. [597], 598, 44 S.W. 176; Grooms v. State, 40 Tex. Cr.R. [319], 331, 50 S.W. 370; Alexander v. State, 40 Tex.Cr.R. [395], 404, 49 S. W. 229 [50 S.W. 716]; Monticue v. ·State, 40 Tex.Cr.R. [528], 531, 51 S.W. 236; Hamblin v. State, 41 Tex.Cr.R. [135], 142, 50 S.W. 1019; Mirando v. State [Tex.Cr.App.], 50 S.W. 714; Hare v. State, 56 Tex.Cr.R. 6, 118 S.W. 544; Brown v. State, 57 Tex.Cr.R. 269, 122 S.W. [565], 566; Edwards v. State, 61 Tex.Cr.R. 307, 135 S.W. 540; McLain v. State, 62 Tex.Cr.R. 118, 136 S.W. 1057; Streight v. State, 62 Tex.Cr.R. 453, 138 S.W. [742], 751; Campbell v. State, 62 Tex.Cr.R. 561, 138 S.W. [607], 609; Burton v. State · [Tex.Cr.App.], 148 S.W. 805; Serrato v. State [74 Tex.Cr.R. 413], 171 S.W. [1133], 1142; Brown v. State [77 Tex.Cr.R, 183], 177 S.W. 1161."

By bill of exceptions No. 5 it is shown that a Mrs. Young and a Mrs. Hicks testified, upon the hearing of the motion for a new trial, that they saw a man by the name of Hill talk to some members of the jury before the verdict was rendered. This is the only .fact which the bill of exceptions shows these witnesses testified to. In his motion for new trial appellant alleged that Hill was not a member of the jury, and that such conversation took place prior to ·the rendition of a verdict.

■ It has been held, in substance, by this court in the Toussaint case, Toussaint v. State, 92 Tex.Cr.R. 374, 244 S.W. 514, the Davis case, Davis v. State, 123 Tex.Cr.R. 616, 60 S.W.2d 783, the Avirett case, Avirett v. State, 128 Tex.Cr.R. 647, 84 S.W.2d 482, and the Punchard case, Punchard v. State, 124 Tex.Cr.R. 101, 61 S.W.2d 495, that where it is shown that some unauthorized person has communicated with the jury during the trial of the case,· that it is incumbent on the State to show that no injury occurred to the defendant.

In Mauney v. State, 85 Tex.Cr.R. 184, 210 S.W. 959, 963, it is said: "We think the rule in cases of a violation of the provisions of article 748 [now Art. 671, prohibiting conversations or communications with the jury] ought to be that injury in such case is presumed unless the contrary is made to appear to the satisfaction of the court; the trial court primarily, and ultimately this court. Any presumption can be overcome by evidence, and in such

case of presumptive injury the burden ought to be on the state to satisfy the court that no injury has resulted from such violation of the statute."

Also see Early v. State, 51 Tex.Cr.R. 382, 103 S.W. 868, 123 Am.St.Rep. 889.

According to the record the State made no effort of any kind, and introduced no witnesses to show the lack of injury to appellant by these admitted conversations of Mr. Hill with the jurors.

In consonance with these above holdings, this judgment is reversed and the cause remanded.

## On Motion for Rehearing.

HAWKINS, Presiding Judge.

At a former day of the term the judgment was reversed, that action being predicated on bill of exception No. 5, which complained that the jury had communicated with some unauthorized person in violation of Art. 671, C.C.P., which, in so far as here applicable, reads as follows: "No person shall be permitted to be with a jury while they are ·deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court * * *. No person shall be permitted to converse with the juror about the case on trial."

■ In a motion for rehearing the State advances the proposition that where an appellant claims that the provisions of the quoted statute are violated he assumes the burden of establishing the truth of the claim, and when he has done so, and not until then, a presumption of injury arises with the burden then resting on the State to rebut such presumption. We entertain no doubt of the soundness of the proposition. In our original opinion occurs the following language: "It has been held, in substance, by this court in the Toussaint case, Toussaint v. State, 92 Tex.Cr.R. 374, 244 S.W. 514, the Davis case, Davis v. State, 123 Tex.Cr.R. 616, 60 S.W.2d 783, the Avirett case, Avirett v. State, 128 Tex.Cr.R. 647, 84 S.W.2d 482, and the Punchard case, Punchard v. State, 124 Tex.Cr.R. 101, 61 S.W.2d 495, that where it is shown that some unauthorized person has communicated with the jury during the trial of the case, that it is incumbent on the State to show that no injury occurred to the defendant."

See, also, Lowe v. State, 88 Tex.Cr.R. 316, 226 S.W. 674; Goode v. State, 123 Tex.Cr.R. 293, 58 S.W.2d 1015; Newton v. State, 114 Tex.Cr.R. 537, 26 S.W.2d 233; Gandy v. State, Tex.Cr.App., 140 S.W.2d 182.

In its motion for rehearing the State further asserts that appellant never discharged the burden resting upon him to show that the jurors, or some of them, violated the terms of Art. 671, C.C.P., hence no presumption of injury arose, and it was not incumbent on the State to offer proof any kind. If the State is correct in the latter proposition we were in error in predicating a reversal upon a violation of the article in question.

It is shown by bill of exception No. 5 that appellant alleged in his motion for new trial that the jury communicated with one Hill, an "outside" person, and not a member of the jury, and that said communication ·was "during the supper hour". Such averments in the motion were only pleadings and proved nothing. 31 Tex. Jur. § 94, p. 297; Rollins v. State, 122 Tex.Cr.R. 119, 53 S.W.2d 786; Johnson v. State, 111 Tex.Cr.R. 395, 13 S.W.2d 114. When appellant undertook to support the averments in his motion it is shown by said bill of exception No. 5 that he proved only the following: "Mrs. Young testified that she saw a man by the name of Hill talk to some of the members of the jury before the jury rendered their final verdict in this case. Mrs. Lela Hicks corroborated all of the above testimony."

■ So all we know from the evidence adduced in support of the motion is that someone by the name of Hill talked to some members of the jury before the verdict was returned. So far as we are advised by the evidence Hill may himself have been a member of the jury, or he may have been the officer in charge of the jury, or his conversation may have been by permission of the court and in his presence. The officer in charge of the jury is not an "unauthorized" person¹ with whom conversation by the jurors is prohibited. See Gandy v. State, Tex.Cr.App., 140 S.W.2d 182. The statute expressly sanctions conversation by permission of and in the presence of the court, and conversations among jurors themselves is to be expected.

In ordering a reversal we inadvertently took cognizance of the unsupported aver-

ments in the motion for new trial, thereby improperly supplementing the very meager and insufficient proof offered in support of the motion.

For the reasons given we conclude that we were in error in ordering a reversal of the judgment. The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of conviction is now affirmed.

On Defendant's Motion for Rehearing.

BEAUCHAMP, Judge.

Appellant has filed a very comprehensive motion for rehearing in this cause which has been thoroughly considered. Nevertheless, we adhere to the original view expressed as the law applicable to the facts of the case before us.

Article 753, C.C.P., sets out as one of the grounds for granting a new trial the conduct of a juror in conversing with an outside party "in regard to the case." Appellant asserts that where it has been shown that the mandates of the statute have been violated by outside parties conversing with a member of the jury, the burden is then upon the state to show that no injury occurred. This court has so held and that doctrine is here adhered to.

■ However, the appellant's difficulty arises from the fact that he has not properly shown such to be the case. Appellant's motion for rehearing, sworn to by himself, says that "one Hill" was seen conversing with a juror. He further says that Hill was not a member of the jury. It is not shown that they discussed the case. This allegation is not supported by an affidavit and, under a recent line of holdings by this court, it is merely a pleading in the case. Noble v. State, 98 Tex.Cr.R. 463, 266 S.W. 412, and cases there cited; Hughes v. State, 106 Tex. Cr.R. 550, 551, 293 S.W. 575; Purswell v. State, 107 Tex.Cr.R. 121, 294 S.W. 1107; Vyvial v. State, 111 Tex.Cr.R. 111, 10 S.W.2d 83; McBee v. State, 119 Tex. Cr.R. 279, 44 S.W.2d 699; Johnson v. State, 111 Tex.Cr.R. 395, 13 S.W.2d 114, 115; Rollins v. State, 122 Tex.Cr.R. 119, 53 S.W.2d 786.

■ From the foregoing authorities it will be understood that this court has held that a motion for a new trial which is required to be sworn to merely becomes the pleading in the case and is insufficient to cast a burden on the state to disprove the things therein alleged.

■ In the instant case the state controverted the motion by the affidavit of the district attorney, who also excepted to the allegations in Section nine, alleging misconduct of a juror, as being too indefinite and uncertain upon which to admit evidence. If the rules of pleading are to be respected in a motion for rehearing, this exception should have been sustained.

If appellant's position should be tenable that the state would have the burden of showing that no harm resulted, it would be unreasonable to require the state to proceed on this allegation as it is worded. Neither is it sufficient to give notice of what appellant expected to prove so that the state may be in position to controvert it upon a hearing. The evidence which was introduced on the motion is referred to and properly discussed in the original opinion.

The motion for rehearing is overruled.