## DELFINO RAMIREZ V. STATE.

No. 25187. March 7, 1951.
Rehearing Denied June 27, 1951.

Hon. W. S. McWhorter, Judge Presiding.

*Rankin, Kilgore and Cherry*, by *Joe M. Kilgore*, and *H. H. Rankin, Jr.*, Edinburg, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder with malice; the punishment, twenty-five years in the penitentiary.

The sole question presented on this appeal is contained in appellants' Bill of Exception No. 1, complaining of the failure of the trial court to hear evidence of jury misconduct.

Appellant's original and amended motion for new trial supported only by appellant's affidavit that the facts stated therein were true, set forth an allegation that one Castilla, a juror during the trial, separated from his fellow jurors and conversed with one Barrera who was not a member of the jury.

When the court convened for a hearing on said motion, appellant stated orally his source of information, offered to produce his witness and stated what he expected to prove by said witness.

The court refused to hear the testimony, but permitted appellant to dictate into the record for the purpose of his bill of exception what he expected to prove.

This case is to be distinguished from Vyvial v. State, 111 Tex. Cr. R. 111, 10 S.W. 2d 83; Toms v. State, 150 Tex. Cr. R. 264, 200 S.W. 2d 174; and Moore v. State, 155 Tex. Cr. R. 147, 232 S.W. 2d 711, in that:

(1) the misconduct is not alleged to have occurred within the jury room, which could normally be known by a juror alone, and therefore necessarily hearsay as to appellant or his attorney.

(2) the affidavit is not upon information and belief, but is sworn to as being true and correct.

We hold that where the alleged misconduct occurred outside the jury room, which could be known to those other than jurors, that the affidavit of a juror or officer in charge is not a requisite of the motion for new trial provided the same is sworn to other than on information and belief.

When the appellant prepared his motion for new trial and when he made his bill of exception, it was incumbent upon him

to show a presumption of injury. He did show that the juror Castilla separated himself from the balance of the jury and had a conversation with one Barrera as the jury came back to the courthouse from lunch.

He failed to plead or to show the following essential requisites of a presumption of injury:

1. that Barrera was not an officer in charge of the jury, and

2. that the conversation was not had with the permission, and in the presence, of the court.

It will be noted that in his proposed proof he failed to show that Barrera was not a member of the jury.

Judge Hawkins, on motion for rehearing in Holder v. State, 140 Tex. Cr. R. 55, 143 S.W. 2d 613, held that appellant must negative each of the above in order to show presumption of injury.

We have concluded that no error is shown because of appellant's failure to plead or to prove a state of facts which would give rise to a presumption of injury.

This court was particularly impressed with appellant's logical and carefully drawn brief, but we remain convinced that in order to expedite the business of our courts, motions for new trial in jury misconduct cases must be specific.

Judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that the two elements we held to be essentially necessary in order to authorize the presumption of injury, which he failed to allege or prove— that is, "that Barrera was not an Officer in charge of the jury" and "that the conversation was not had with the permission and in the presence of the Court," were matters not only within the actual but also judicial knowledge of the trial court and therefore neither proof nor allegation of such facts was necessary. In other words, appellant insists that the trial court knew that Barrera was or was not an officer in charge of the jury and also knew whether the conversation was or was not in his

presence or with his permission, hence neither proof nor allegation of such facts was necessary to be independently made.

To sustain appellant's position would be to overrule the holding in Holder v. State, 140 Tex. Cr. R. 55, 143 S.W. 2d 613, and authorities there cited in support thereof. This we are unwilling to do.

The motion for rehearing is overruled.

Opinion approved by the court.