## H. C. CLARK v. THE STATE.

### No. 3723. Decided May 20, 1908.

**1.—Drunkenness—Evidence—Intoxicating Liquors.**

Where upon trial of drunkenness in a public place the defendant's witness was not shown to have any special acquaintance with defendant, or how much beer or whisky would have intoxicated him, there was no error in excluding his opinion that six dippers of beer the size referred to by defendant and his witnesses drank by a person would not intoxicate him.

**2.—Same—Charge of Court—Words of Ordinary Meaning.**

Upon trial of drunkenness in a public place, where the court in terms charged the statute in respect to being found in a state of intoxication in a public place, and what was meant by a public place, and that drunkenness and intoxication are synonymous terms, there was no error in not defining the word drunkenness, as this word is to be understood in its ordinary and popular sense.

**3.—Same.—Argument of Counsel.**

While the argument of the State's counsel may have been somewhat objectionable, yet where the court instructed the jury that the only issue which they were authorized to consider was whether the defendant was drunk as charged in the information, and in terms stated that the appeals by counsel in regard to the sheriff (which State's counsel alluded to) should be disregarded, and that the case be decided on the law and evidence, there was no error.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial of drunkenness in a public place the testimony was that the defendant was in a state of intoxication, loud, boisterous and unruly, etc., and there was some testimony that he was not in a very advanced stage of intoxication the verdict of guilty will not be disturbed.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $10.

The opinion states the case.

*Woodward & Baker* and *Snodgrass & Dibrell,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information in the County Court of Coleman County with being drunk in a public place and being found in a public place in a state of intoxication. On trial he was convicted.

1. Numerous grounds are assigned why this judgment of conviction should be set aside. Among other things, it is urged that the court erred in refusing to permit appellant to prove by the State's witness J. W. Jones that he had drunk a great deal of beer and whisky and that he knew how much beer it would take to intoxicate a person, and that in the opinion of the witness six dippers of the size referred to by appellant and his witnesses, of beer drank by a person would not intoxicate him. It was shown by the testimony of the appellant and most of the other witnesses that on the day in question, appellant had drunk some five or six tin cups of beer about the size of an ordinary water dipper. It was shown by the witness Jones that he had drunk a great deal of beer and whisky and it was proposed further, to be shown by him that he knew how much beer it would take to intoxicate a person, and that in his opinion six dippers of beer of the size referred to by appellant and his witnesses would not have intoxicated appellant. The witness was not shown to have any special acquaintance with appellant, or how much or how little beer or whisky would have intoxicated him; he was not interrogated, nor did he undertake to say that what might at one time safely be drunk, might at other times intoxicate, nor was (if such testimony in any event could be heard) he shown to have possessed such knowledge or be such an expert as would have required or authorized the court to admit his testimony. The witness was examined quite fully as to the facts and had testified on his direct examination that appellant was intoxicated on the day in question. That was the material question and any testimony throwing light on the matter, would, of course, have been admissible, but the mere fact that the witness had drunk a great deal of beer, without any statement as to his particular knowledge of the effect of such liquor on

appellant, did not make him a competent witness to testify as to whether the quantity named would or not have made him drunk.

2. Complaint is made that the court erred in not giving in charge to the jury the following special instruction requested by counsel for appellant: "You are further instructed herein that the word drunkenness and being in a state of intoxication means more than that the defendant shall be proven beyond a reasonable doubt to have drunk intoxicating liquors sufficient to exhilerate defendant." The court in terms charged the statute in respect to being found in a state of intoxication in a public place, and in his charge defined what was meant by a public place in accordance with the decisions of this court (Murchison v. State, 24 Texas Crim. App., 8), and also gave at the request of counsel for appellant the following special instruction: "You are instructed in this case that the word drunkenness and in a state of intoxication are synonymous terms and mean the one and the same thing as used in the statute prescribing a penalty for being drunk or found in a state of intoxication." The words "drunkenness" and "in a state of intoxication" are words of ordinary signification and are no more required to be defined than the term "reasonable doubt" or any other word ordinarily found in our penal code not having a fixed and definite legal significance. It is stated and held in Youngs v. Youngs, 130 Ill., 230, that the word drunkenness as used in the statute is a term to be understood in its ordinary and popular sense. Bouvier in his law dictionary defines it as "the condition of a man whose mind is affected by the immediate use of intoxicating drinks." Rapalje and Lawrence in their law dictionary define it as "disorder of the mind occasioned by the recent use of intoxicating liquor." In 10 American and English Encyclopædia of Law, p. 276, we find this definition: "Drunkenness, as it is commonly understood, is the result of the excessive drinking of intoxicating liquors. Such is also the signification given to it by lexicographers. It is ebriety, inebriation, intoxication; all words nearly synonymous, and all expressive of that state or condition which inevitably follows from taking into the body, by swallowing or drinking, excessive quantities of such liquors." The word, ordinarily, is to be understood in its popular sense and the jury must have understood, as they no doubt did, the meaning of the word "drunkenness" as clearly as they did or would have understood any term in which it might have been defined.

3. Complaint is made of the improper conduct of the county attorney in discussing the case before the jury. It seems that, among other things, the county attorney argued to the jury that an acquittal of appellant would be a reflection upon the sheriff, Will Futch, and that it would weaken his efforts in enforcing law and order. It seems that he also stated to the jury, in effect, that if they were not going to enforce the law he would feel like tearing up his commission as county attorney, throwing it in their faces and quitting. It is also shown by the record that the county attorney stated that if they would dump

all the whisky in the sea they would stop the greater portion of crime and stop ruining so many homes, widows and orphans. The court was requested to withdraw from the jury all these utterances of the county attorney and not to consider same. The court did give a special charge requested by counsel for appellant, as follows:

"You are further instructed herein that the sheriff, Will Futch, and his official office, is not involved in this case at all, and the statement and argument of the county attorney to the effect that he feels an interest in the case because the sheriff is in this case and because the sheriff is his personal friend, and he wants to vindicate him in this case, and that he desires you to bring in a verdict vindicating the sheriff, should be wholly disregarded by you for any purpose. It is wholly immaterial with you whether the sheriff did or did not perform his duty on the occasion when the defendant was arrested. The only issue which you are authorized to consider is whether or not the defendant was drunk at the time alleged on Commercial Avenue in the town of Coleman, Texas. And the further statement of the county attorney that some of you are friends of the sheriff, Futch, should also be disregarded by you for the reasons that you are to decide this case from the law and evidence without reference to the fact of any friendship you might have for the sheriff, Will Futch." It will be seen that by this instruction the court in terms stated to the jury that the only issue which they were authorized to consider was whether or not the appellant was drunk at the time alleged, or found in a state of intoxication at the time on Commercial Avenue in the town of Coleman, Texas. Again, in his charge, they were instructed that the appeals in regard to the sheriff, should be disregarded for the reason that the jury were to decide the case from the law and the evidence. If it be conceded that some or all of the remarks complained of were for any reason improper, they were not of a serious character and in view of the special charge, not likely to have injured appellant's cause. Under all the circumstances, we do not feel that the case should be reversed on account of the use of any of the language complained of.

4. The case is one peculiarly of fact. Many of the witnesses testified that appellant was in a state of intoxication; that he was loud, boisterous and unruly, making great demonstrations with all the indicia of a man in the advanced state of intoxication. All the witnesses say he was drinking to some extent, yet, the testimony of some of them would indicate that his intoxication had not reached a very advanced stage and was not such as is meant by, and included within the terms of the statute. This was a matter for the jury; they have on evidence clearly showing the fact, affirmed their belief and rendered their opinion that he was drunk, and we do not feel under the facts, as submitted in the record that we should interfere. The judgment is, therefore, affirmed.

*Affirmed.*