## W. A. MANN V. THE STATE.

### No. 4706. Decided May 1, 1918.

**1.—Occupation—Intoxicating Liquors—Misconduct of Jury.**

Where, upon appeal from a conviction of pursuing the business and occupation of selling intoxicating liquors in local option territory, the records showed that one of the jurors, while the jury was walking about the grounds, conversed with his brother on matters not relating to the case as it appeared from the testimony of the juror and of the deputy sheriff, but the State did not produce testimony to show by other parties to the conversation that no injury occurred and that the conversation was not relating to the case, the same was reversible error. Following Early v. State, 51 Texas Crim. Rep., 382, and other cases. Prendergast, Judge, dissenting.

**2.—Same—Misconduct of Jury—Reference to Former Conviction.**

Where, upon trial for pursuing the occupation of selling intoxicating liquors in local option territory, the State, on cross-examination of the defendant, elicited from him the statement that he had been convicted before under the same statute, which testimony the court properly limited to impeachment of the witness, but during the discussion of the case, in the jury room, one of the jurors remarked that the defendant had once been convicted of a similar offense and that he ought to have a double dose this time, and the jury assessed the defendant's penalty at four years' imprisonment in the penitentiary, etc., the same was reversible error. Following Smith v. State, 52 Texas Crim. Rep., 344. Prendergast, Judge, dissenting.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*J. B. Clark,* for appellant.—Cited cases in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of misconduct of jury: Nance v. State, 21 Texas Crim. App., 457; Bailey v. State, 26 id., 706; Watson v. State, 48 Texas Crim. Rep., 323; Latham v. State, 75 Texas Crim. Rep., 575, 172 S. W. Rep., 797.

GAINES, SPECIAL JUDGE.—Appellant was convicted of pursuing the business of selling intoxicating liquor in local option territory, and his punishment assessed at four years in the penitentiary.

The indictment charges some forty sales and there is testimony of most if not all the sales charged. The testimony shows, however, that all these sales, except two or three, were made either to Carroll or Sealey or to some member of the Pryor family, and the defendant denies all sales except two. Carroll was an amateur detective sent out from Dallas under employment by the county attorney, and he associated Sealey, who was loitering about the town without employment, and was paid only his expenses. The Pryors were related by marriage to Sealey. It appears from the testimony that Carroll and Sealey induced appellant

to think they were pals of his and thus they induced him to obtain and sell them intoxicating liquors. It also appears that of the whisky purchased Carroll and Sealey drank more than they turned over to the county attorney.

Appellant has properly presented for review two, grounds for reversal based on misconduct of the jury. One of the jurors conversed with another person after the jury had been empaneled and out of the presence of the court. The testimony on this issue shows that the juror Ben F. Smith, while the jury were walking about the town, conversed with his brother, A. L. Smith, in the street near the home of the latter. The testimony of the juror and of the deputy sheriff in charge is to the effect that this conversation did not relate to the case. A. L. Smith was shown to be out of the State and was not a witness as to the conversation.

The Bill of Rights to the Constitution, section 15, provides that: "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

Article 748 of the Code of Criminal Procedure of 1911 provides that: "No person shall be permitted to be with a jury while they are deliberating upon a case, nor shall any person be permitted to converse with a juror after he has been empaneled, except in the presence and by the permission of the court, or except in a case of misdemeanor where the jury have been permitted by the court to separate; and in no case shall any person be permitted to converse with the juror about the case on trial." This statute was intended to carry into effect the mandate of the organic law to preserve the right of trial by jury "inviolate" and to "maintain its purity and efficiency," and it must be construed in the light of this intent. This statute would appear to be mandatory, both from its purpose and its language, and it evidently means that only in a misdemeanor case when the jury have been permitted by the court to separate, may they converse at all with any other person, and not even then about the case; and that in a felony case no juror shall converse with any other person about anything "except in the presence and by the permission of the court." In a felony case the statute is as much violated by a conversation not in the presence and not with the permission of the court as by a conversation about the case, and speculation as to injury or not is in a field entirely independent of the statute and would apply if no such statute existed. When once this line is crossed there is no chart by which we may be guided. However, "drest in a little brief authority," it is not the purpose of the writer to go further than follow the former decisions of this court. In the case of Early v. State, 51 Texas Crim. Rep., 382, this court held that in any event the burden was on the State to show that no injury occurred and that for this purpose the testimony of the jurors would not be sufficient, but that the State must produce and show by the other parties to the conversation that it was not relating to the case. This rule was fol-

lowed in the Parshall case, 62 Texas Crim. Rep., 177, and the rule in both cases is based on the doctrine announced in McCampbell v. State, 37 Texas Crim. Rep., 607. The fact that other parties to the conversation are beyond the reach of process may be a misfortune but it would not change the rule.

Appellant also complains of the misconduct of the jury in another respect. When appellant was a witness in his own behalf, the State elicited from him the testimony that he had been convicted in Hill County before under the same statute. Apparently this was in some other case. This testimony was properly limited in the charge to impeachment, but during the discussion of the case in the jury room, one of the jurors remarked that he had once been convicted of a similar offense and that he ought to have a double dose this time. Article 843, Code of Criminal Procedure of 1911, provides that: "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former convictions shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument." This statute would appear to apply primarily to a conviction on which a new trial had been granted in the trial court, but the principle of law therein contained has been applied where any former conviction of crime is involved. Horn v. State, 50 Texas Crim. Rep., 404. Several members of the jury were called on this issue, and they testified that upon the allusion to the former conviction by one of the jurors, another juror warned them that they could not consider the testimony for this purpose and that it did not have any influence on their verdict. As already stated, notwithstanding the large number of sales testified to, all but two or three of these were to Carroll and Sealey and the Pryors, who were kinsmen of Sealey. The other testimony might have been considered sufficient in itself to convict, but it alone would not have carried the force of moral turpitude a belief in all the alleged sales would have carried. The witnesses Carroll and Sealey, while they may not have been accomplices in the sense that their testimony must be corroborated, they were participants in the crime. When any person encourages and aids in the commission of an offense, whatever his motive, he is a participant in that crime, for it might never have been committed without his encouragement and participation. These are principles that would ordinarily be presumed to come within the knowledge of the average man and be properly weighed by the average juror. So that taking all the testimony in the case it is difficult to reach the conclusion that the jury would likely have given appellant the penalty of four years but for the fact that they gave weight to the fact that he had once been convicted for violating the same law, and we can not escape the conclusion that this testimony was given consideration for purposes other than impeachment of the witness. Smith v. State, 52 Texas Crim. Rep., 344. As was said by Judge Henderson in the Horn case above, the fact that one of the jurors used it as an argument to the others was strong evidence that it influenced the juror him-

self, for if he thought it would convince others, himself it must already have convinced. The citizen is entitled to a trial by a fair and impartial jury, and in felony cases this means twelve fair and impartial men. If the mind of only one of them is affected by an extraneous matter, in the eyes of the law, the jury as a body is thus affected. This testimony is only admissible at all when the defendant is a witness and the conviction is both one importing moral turpitude and so recent it is presumed to still affect his character. Its extraneous effect being always probable it should be guarded with all possible care.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, Judge, dissenting.