### JOE FAULK V. THE STATE.

#### No. 10430.   Delivered April 13, 1927.

**1.— Driving Auto While Intoxicated — Misconduct of Trial Judge — None Shown.**

Where appellant's jury were in retirement considering their verdict, there was no error in the trial judge causing the sheriff to inquire of them how long they thought it would be before they reached a verdict, this information being necessary to enable the court to begin the trial of another case.   Art. 671, C. C. P., has no application to the action of the trial court in communicating with the jury during their retirement through the court officers.   Distinguishing Mauney v. State, 85 Tex. Crim. Rep. 184, and other cases cited.

**2.—Same—Continued.**

The trial judge should always exercise great care in communicating with the jury in order not to influence their verdict in any way.   To support a complaint of such communication, appellant must show injury.   The presumption of injury does not apply in the instant case.

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for driving a motor vehicle on a public road while intoxicated, penalty one year in the penitentiary.

The opinion states the case.

*Davidson, Blalock & Blalock* of Marshall, for appellant.   On communicating with jury, appellant cites:   De Friend v. State, 2 S. W. 641; Mauney v. State, 85 Tex. Crim. Rep. 184; Early v. State, 103 S. W. 873; Osborn v. State, 245 S. W. 928; Touissant v. State, 92 Tex. Crim. Rep. 514.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for driving a motor vehicle on a public road while appellant was intoxicated, punishment being one year in the penitentiary.

The evidence was conflicting upon the issue of appellant's condition while driving the automobile, but is sufficient to support the verdict.

After the jury had been out about twenty minutes the trial

judge called another case and finding that he did not have enough jurors to proceed with the trial, directed the sheriff to go to the jury room and ask the jury what was the prospect for a verdict, or how long before they would report. Appellant objected to the court sending the message on the ground that it was an interference with the jury in their deliberations, and because it would probably have the effect of forcing a verdict. The sheriff delivered the judge's message and upon his return reported that the jury said, "Ask the judge to give us a few minutes." The bill states that "shortly thereafter" the jury returned their verdict and that appellant excepted to the action of the court in "communicating with the jury without bringing them into open court because his action in effect forced a verdict against the defendant." In briefing the point the appellant insists that the action of the court was in violation of Art. 671, C. C. P., which is:

"No person shall be permitted to be with a jury while they are deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, or except in a case of misdemeanor where the jury have been permitted by the court to separate. No person shall be permitted to converse with the juror about the case on trial."

Appellant is insisting on a construction of the statute which would give it such application as not heretofore invoked. The cases cited by him, among them being Mauney v. State, 85 Tex. Crim. Rep. 184, 210 S. W. 959; Early v. State, 103 S. W. 873; Mann v. State, 204 S. W. 434; Touissant v. State, 92 Tex. Crim. Rep. 514, 244 S. W. 514, clearly show that the statute has been applied to prevent conversation by jurors with outsiders. We think it has no application to an officer of the court acting under the direct authority of the trial judge in a matter looking to the orderly and proper dispatch of the business of the court, and which is not shown to have operated injuriously to accused. The Osborne case, 93 Tex. Crim. Rep. 54, 245 S. W. 928, is not in point. There the action of the trial judge, which was condemned, was going into the jury room and discussing with the jury the meaning of the court's instructions theretofore given. In the present case there is no pretense that the sheriff did more than deliver the judge's message and return the jury's answer. The trial judge should always exercise great care in any communication with the jury in order that it might not be calculated to force from them a verdict. We cannot bring ourselves to conclude that anything in the court's conduct in the present case is subject to such inference. Finding that he could not proceed

with another trial on account of lack of jurors it was doubtless his purpose to ascertain if it would be necessary to order talesmen or whether the jury in the present case would likely be available within a reasonable time. The statement in the bill that they did report "shortly" after the inquiry was made gives this court little information as to the time intervening between the inquiry and the report. The bill does not show that injury resulted to appellant. We think the rule that injury is presumed and the burden is on the state to rebut the presumption does not apply here as in the class of cases cited. The point discussed is the only one briefed for appellant. Another bill is found in the record which we have considered but it presents no error calling for reversal.

The judgment is affirmed.                                    ·Affirmed.