### N. C. WOOD V. THE STATE.

No. 16501.   Delivered March 14, 1934.
Rehearing Granted April 11, 1934.

*W. T. Link,* of Clarendon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

CHRISTIAN, JUDGE.—The offense is drunkenness in a public place; the punishment, a fine of five dollars.

On the night of July 3, 1933, appellant was playing for a dance at the Clarendon Opera House. According to the testimony of the sheriff, he observed appellant stagger across the

porch and fall against the side of the door of the dance hall. He told appellant to come with him, and carried him downstairs to his (the sheriff's) car, which was parked in front of the city hall. Appellant staggered as he walked to the car. At the time he carried appellant from the dance hall he did not know who he was, but upon reaching his car was informed by other peace officers that his name was N. C. Wood. Leaving appellant in charge of a deputy, he went in search of appellant's wife, and found her sitting in her automobile. He then went back to appellant and told him to get in the car with his wife and let her take him home and that there would be no charges filed. Appellant staggered from the sheriff's car to his own car and then came back and began to argue with the sheriff about receiving his money for his services at the dance. The sheriff told him that if he did not go home with his wife he would put him in jail. Appellant then got in the car with his wife and they drove away. Later appellant returned to the dance and continued his misconduct. The sheriff again took appellant into custody and started with him to his car. Appellant resisted and struck at him two or three times. He hit appellant twice and knocked him down. Appellant was drunk. In addition to the testimony of the sheriff, eight witnesses for the State testified that appellant was drunk and boisterous, and that he resisted arrest and attacked the sheriff when he attempted to take him from the dance hall.

Appellant did not testify in his own behalf. Approximately nineteen witnesses testified that he was not drunk. Some of these witnesses testified that upon taking appellant from the dance hall the sheriff made an unprovoked attack upon him.

Appellant objected to the charge of the court on the ground that it did not limit the jury's consideration to the finding that appellant was drunk in and about the Clarendon Opera House, the place charged in the complaint and information. The court merely charged the jury to find appellant guilty if they believed beyond a reasonable doubt that he was drunk or found in a state of intoxication in a public place. The term "public place" was defined in the charge. In view of the fact that all of the proof as to appellant's drunkenness related to the existence of that condition in and about the Clarendon Opera House, the jury could not have been misled by the failure to specify the place. Under the express provisions of article 666, C. C.P., we are not warranted in ordering a reversal because of an error in the charge unless such error was calculated to injure the rights of

the accused, or unless it appears from the record that he did not have a fair and impartial trial.

Appellant also excepted to the charge for its failure to define the terms "drunkenness" and "in a state of intoxication." The prosecution proceeded under article 477, P. C., which provides a penalty for getting drunk or being found in a state of intoxication in any public place. This court has expressly held that in prosecutions under this statute the words "drunkenness" and "in a state of intoxication" are words of ordinary signification and are not required to be defined in the charge of the court. Clark v. State, 111 S. W., 659.

Appellant's first application for a continuance was based on the absence of eight witnesses who would have testified, according to the averments in the application, that appellant was not drunk, and that the sheriff made an unprovoked attack upon him. We think the trial court was warranted in overruling the motion for new trial insofar as it was based on the refusal to continue the case. Approximately nineteen of appellant's witnesses gave testimony to the effect that appellant was not drunk and that the sheriff made an unprovoked attack upon him. The trial court was warranted, viewing the absent testimony in the light of the facts adduced upon the trial, in concluding that such testimony would likely not produce a different result if available upon another trial. Wiley v. State, 36 S. W. (2d) 495, and authorities cited. We are unable to reach the conclusion that an abuse of discretion is shown.

The offense being a misdemeanor, the jury were permitted to separate. In the motion for new trial appellant alleged that one of the jurors was guilty of misconduct, in that after he had been impaneled and before a verdict had been reached and while the jury were separated, he talked to the sheriff, who was a witness in the case. It is stated in the motion that appellant did not undertake to charge that the sheriff and the juror talked about the case. The juror testified that he and the sheriff did not talk about the case. The sheriff was not called. Appellant contends that the rule applicable in felony cases should be applied, that is, that the burden was upon the State to show that the discussion was not about the case, and that in discharging the burden it was incumbent upon the State to call the sheriff as a witness. The rule contended for is not applicable in trials for misdemeanors. Under the express provisions of article 669, C. C. P., the court may permit the jury in a misdemeanor case to separate before a verdict is reached. Article 671, C. C. P., reads as follows:

"No person shall be permitted to be with a jury while they are deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, or except in a case of a misdemeanor where the jury have been permitted by the court to separate. No person shall be permitted to converse with the juror about the case on trial."

Necessarily, when a jury separates in a misdemeanor case the jurors come in contact with outsiders and converse with them. This they are permitted to do in misdemeanor cases where they have been allowed by the court to separate, provided that they do not talk about the case. The mere showing by the accused in a misdemeanor case where the jury have been permitted to separate that a juror conversed with another does not impose upon the State the burden of showing that the conversation did not relate to the case. Under the circumstances, the burden is on the accused to show that the conversation was about the case.

Appellant alleged in his motion for new trial that, after the jury had separated with the permission of the court and before a verdict had been reached, five of the jurors went to the Clarendon Opera House, where it was alleged appellant had been drunk, and viewed the scene, and that some of the jurors went upon the balcony where some of the witnesses for appellant testified that they had stood and looked down to the place where it was alleged the sheriff had assaulted appellant. It is recited in the bill of exception that the county attorney had asked questions of appellant's witnesses in an effort to show that a person standing on the balcony of the opera house could not look down and see any person at the point where such witnesses testified they saw the sheriff assault the appellant. It does not appear that any witness testified durng the trial that the point in question could not have been seen from the balcony of the opera house. Stated in another way, it was uncontroverted that there was a clear view from the balcony to the place where the assault was alleged to have been committed. Appellant did not question the jurors on the hearing of the motion for new trial as to whether their view of the situation led them to the conclusion that the witnesses could not have seen the things from the balcony they had testified about. In short, the matter was developed by appellant no further than to show that the jurors went to the opera house and viewed the scene in the manner we have already mentioned. If what the jurors saw contradicted appellant's witnesses, or gave support to the testimony of the

State, such fact was not developed when they were examined on the hearing of the motion. See Parker v. State, 261 S. W., 782.

While one of appellant's witnesses was testifying he was asked by the county attorney if someone had not told him there was much drinking, carousing and disturbance of the peace at the dance on the occasion of appellant's arrest, and at every other dance held at the Clarendon Opera House, and if the dances held there were not nuisances. Upon appellant's objection to the question, the county attorney withdrew it with the statement that he knew it was not proper and would not insist upon it. The question was not answered. In this condition, we think the bill of exception fails to manifest reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes an appealing motion for rehearing, courteously insisting that we were in error in a number of matters contained in the opinion, each of which has been reviewed, and in none of them do we think reversible error appears except in the following.

This case was called for trial August 24, 1933. Appellant made his first application for continuance because of the absence of eight witnesses. The continuance was refused, to which a bill of exceptions was taken. In qualifying this bill the court certified that all said witnesses were present and testified at a former trial had on July 18th and 19th, 1933, which resulted in a hung jury. No attack was made on appellant's diligence. It appears to be also certified in said bill that the continuance was refused because the State's attorney filed a written admission that the absent witnesses would swear that appallant was not drunk on the occasion in question. We need not cite authorities to make plain the fact that such admission will not suffice to defeat a continuance. All the cases hold that to have such effect the admission should not only grant that the absent witnesses would swear as stated, but also that such testimony would be true.

On the point that the refusal to continue was not a proper exercise of the discretion of the trial court, and that the lack of the absent testimony probably harmed appellant,—we observe

that the certificate of the court to the fact that when said witnesses were present and gave testimony upon the first trial, there was no conviction but a hung jury,—is at least persuasive of the helpful effect to appellant of the presence and testimony of these witnesses.

Our attention is also attracted to the fact that of the nine witnesses for the State who affirmed appellant's drunkenness on the night in question, six of them were officially related, one being the sheriff, another his wife, another a deputy sheriff, another the sheriff's brother, who was constable, another being the justice of the peace, and still another a night-watchman. It is here suggested that because appellant had gotten the job of playing at a dance hall on said occasion, for which said constable was also an applicant, this caused or contributed to the claim by the constable and his friends that appellant was drunk that night. Be that as it may, we are not willing to hold that because twenty witnesses for the defense affirmed on this trial that appellant was not drunk on said occasion, it would follow that the presence of eight others who would swear likewise,—would not have probably changed the result, and that for such reason a first application for continuance was properly refused.

Believing upon more mature consideration that we were in error in holding the refusal of the continuance not such matter as should have caused a reversal, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*