ROBERT FRENCH V. THE STATE.

No. 20087. Delivered January 25, 1939.

The opinion states the case.

*Kennedy & Granberry,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor in a dry area for the purpose of sale; the punishment, a fine of $150.00.

Operating under a search warrant, officers went to a place occupied by Sam Roberts and another and made a search for intoxicating liquor. They discovered more than a quart of whisky and gin. Appellant was not present at the time the search was made, and was not seen at such place by the officers.

Bill of exception No. 10, as approved by the trial judge, reads as follows:

"BE IT REMEMBERED that on the 14th day of May, 1938, after both the State and the Defendant had rested their evidence in the above entitled and numbered cause, and during the time that the judge of said court was absent from the court room preparing his charge to the jury, and after the jury herein had returned to the courtroom after a short recess, Billie Parker, he being then and there a deputy sheriff and the person in charge of said jury, and having theretofore been a witness for the State in said cause, took his seat on the witness stand in the absence from the court room of the judge and while there

was in view of the jury on the counsel table certain bottles of liquid theretofore offered in evidence made repeated and numerous reference and statements concerning or pertaining to 'this whisky, wine and gin' when it had been and still was controverted issue as to what said bottles contained and after being twice warned by counsel for the defendant to be quiet and stop giving the jury unsworn testimony, in substance made the two following statements in the presence and hearing of the jury, he not then being under oath and the court not then being in session, to-wit: 'Robert (referring to the defendant) you had better put that pint of gin back. You are near enough in jail now,' and 'If that was good whisky I might think C. W. (referring to defendant's counsel) took it, but he wouldn't want gin and you have fooled with liquor so long that the kind doesn't make any difference to you.'

"That upon the return of the Judge to the court room the defendant informed the Court of what had taken place and made his sworn application to the court for the court to declare a mistrial; that thereupon the court satisfied himself that such was the true state of affairs, the county attorney having admitted and confessed that such facts did so happen in the manner stated; and the court refused to grant such motion for a mistrial but refused the same upon the ground to-wit: That it had not been shown that the jury was or would be influenced by such statements and also that since the said Billie Parker had tasted from several bottles of liquid the jury would think that he was drunk and pay no attention to his statements, and required the defendant to submit the case to and accept the verdict of such jury; to which decision and order of the court the defendant then and there in open court excepted and tenders this, his bill of exceptions, and asks that the same be signed and filed as a part of the record in this cause."

The bill reflects reversible error. Appellant received more than the minimum penalty. It was obviously prejudicial for the deputy sheriff to make the statements set forth in the bill of exception in the presence of the jury. Under the circumstances, we are constrained to order a reversal of the judgment of conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.