LEE SILLINS V. STATE.

No. 30,273. January 7, 1959.
Motion for Rehearing Overruled February 4, 1959.

*Burks & O'Connor* and *Clifford W. Brown,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, *Don M. Dean,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of whiskey, beer and vodka for the purpose of sale in a dry area; the punishment, 30 days in jail and a fine of $1,000.00.

In view of the sole question presented for review, a statement of the facts will not be necessary other than to observe that officers searched the appellant's home and found a quantity of intoxicants.

During the trial, at the noon hour, the jury reassembled in the courtroom, the county attorney and the appellant were present, but the court and appellant's attorney were not. One of the jurors, speaking to the county attorney and referring to the intoxicants which had been seized at appellant's home and which were in the courtroom, said there was a lot of "stuff" there that they (the jury) should be able to get a sample. To this the county attorney replied, "Well, the one that is to be tried this afternoon (referring to another case against another accused on call for that day) has got a lot more in it than that. Just look at this list of stuff on this report here; you ought to be glad you don't have to try that one." While so saying, the county attorney handed to the jury an "offense memorandum" written in long hand which was passed among the jury. It contained a list of the intoxicants which had been seized from one Seal and the detailed manner of their seizure. When the memorandum was introduced at the hearing on the motion for new trial in the case at bar, there was typewritten on the face thereof the punishment which of necessity was imposed subsequent to the incident here under discussion.

This is the sum total of what occurred, and it will be seen therefrom that the case against the appellant was not discussed. It should be remembered that this is a misdemeanor case and that the presumption of injury which arises in a felony case is not here present. Wood v. State, 126 Texas Cr. Rep. 144, 70 S.W. 2d 436. Article 671, V.A.C.C.P., does not prohibit another person in a misdemeanor case from conversing with a juror without the consent of the court after such juror has been impaneled but permitted to separate so long as the matters discussed do not relate to the case on trial.

The cases upon which the appellant relies, such as Mann v. State, 84 Texas Cr. Rep. 109, 204 S.W. 434, Mauney v. State, 85 Texas Cr. Rep. 184, 210 S.W. 959, and Cole v. State, 157 Texas Cr. Rep. 469, 250 S.W. 2d 201, were felonies where a presumption of injury arose from a mere showing that the jury conversed with an unauthorized person. In French v. State, 136 Texas Cr. Rep. 86, 124 S.W. 2d 157, also relied upon by the appellant, the deputy sheriff made repeated statements in the presence of the jury as to the nature of the contents of the bottles which had been introduced in evidence against French, while there was an issue in the case as to the nature of such contents. We find nothing in the case at bar comparable to what this court had before it in French.

We have concluded that this conduct on the part of the county attorney, though not to be commended, falls short of being such an error as to call for a reversal of this conviction.

The judgment is affirmed.