**Robert VAN BIBBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36039.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

James J. Shown, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Joe C. Shaffer and Don Weitinger, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $300.00 and 45 days in jail.

Witness Sauceda testified that his automobile was slightly damaged when struck in the rear by another automobile driven by appellant. According to Sauceda, a discussion arose about payment for the damage during which appellant said he would locate a friend who did body work and get an estimate on the costs of repair. Sauceda followed appellant on a long drive across town until he became suspicious and, on sighting a police car at an intersection, told the officers what had transpired. Sauceda further testified that he observed the appellant's walk and speech and smelled alcohol on his breath, and that in his opinion, the appellant was intoxicated. His testimony was corroborated by that of his wife.

Officer C. E. Butler testified that on hearing Sauceda's account of what had occurred, he approached the appellant, who had stopped for a traffic light, and had him pull to the side of the street. He further testified that he observed appellant walk in an unbalanced, stumbling manner, noticed a strong odor of alcohol on his breath, and found two empty beer bottles in his auto-

mobile. The opinion of the officer was that the appellant was intoxicated. Appellant's companion in the automobile was charged with and plead guilty to the offense of being intoxicated.

 The evidence is sufficient to sustain a conviction for driving while intoxicated.

 Prior to the calling of the first witness, appellant made a motion for a mistrial on the grounds that the witness and a juror had conversed in the elevator. In answer to questions by the court, the juror stated that the conversation was not about the case. "Article 671, Vernon's Ann.C.C.P., does not prohibit another person in a misdemeanor case from conversing with a juror without the consent of the court after such juror has been impaneled but permitted to separate so long as the matters discussed do not relate to the case on trial." Sillins v. State, 167 Tex.Cr.R. 347, 320 S.W. 2d 16, 17.

 Appellant contends that the prosecutor asked the witness Sauceda his opinion on the intoxication of the appellant without laying a proper predicate, and the court erroneously overruled his objection. A reading of the statement of facts reveals that on two occasions prior to the asking of such question, the witness had stated that the appellant was drunk, and no objection was made. No reversible error is presented. Moseley v. State, 158 Tex.Cr.R. 578, 258 S.W.2d 331; Autry v. State, 159 Tex.Cr.R. 419, 264 S.W.2d 735; Wright v. State, 165 Tex.Cr.R. 520, 309 S.W.2d 67.

 Appellant may not complain of the so called Alcoholic Tolerance Test given him as the matter was first raised and developed by appellant himself. There was no showing of the results of the test, nor was any attempt made by the State to do so. Dossey v. State, 165 Tex.Cr.R. 652, 310 S. W.2d 321; Hamlett v. State, Tex.Cr.App., 243 S.W.2d 166.

 In what is purported to be a formal bill of exceptions, appellant seeks to show reversible error in the jury argument of the prosecutor. As there is no showing that a proper objection was made at the time of the argument, under the authority of Kirk v. State, Tex.Cr.App., 360 S.W.2d 150 and Merryman v. State, 153 Tex.Cr.R. 593, 223 S.W.2d 630, any error was waived.

Finding no reversible error, the judgment of the trial court is affirmed.