Martin **MALDONADO**, Appellant,

v.

**The STATE of Texas**, Appellee.

**No. 47720.**

Court of Criminal Appeals of Texas.

March 27, 1974.

C. David Evans, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, Federico G. Rodriguez and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted before a jury of murder with malice. Punishment was assessed by the court at forty-five (45) years.

The sufficiency of the evidence is not challenged. Thus, only a brief summary of the facts is required.

On the evening of July 10, 1971, appellant and Miguel Solis, while at the B & B Lounge in San Antonio, became involved in a dispute with Edward R. Alaquinez, the deceased. A shooting resulted and Alaquinez was killed. At the trial both contended that they shot only in self-defense.

In his grounds of error numbers one, two and six, appellant complains that the court erred in failing to grant his motion for a new trial based upon the assertion that two of the jurors had spoken with the brother of the deceased during the trial. The only evidence supporting this contention came from co-defendant Miguel Solis, who, at a hearing outside the presence of

the jury, testified that he saw the brother of the deceased talking with two of the jurors during the course of the trial, but was unable to hear what was said.

Appellant relies upon a number of older cases to support his position that harm must be presumed once it is shown that a juror has conversed with someone outside the jury during trial. See Maxey v. State, 138 Tex.Cr.R. 27, 133 S.W.2d 785; Goode v. State, 123 Tex.Cr.R. 293, 58 S.W.2d 1015; Toussaint v. State, 92 Tex.Cr.R. 374, 244 S.W. 514. It must be observed that the above cases were decided under the old Art. 671 of the Code of Criminal Procedure which provided in part that:

"No person shall . . . be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court . . . ."

A subsequent article provided that an officer remain with the jury while it was impaneled. Art. 673, Vernon's Ann.C.C.P. (1925).

The above articles were, of course, consistent with the law at that time which required the jury to be sequestered between the time it was impaneled and the time it returned a verdict. Art. 668, V.A.C.C.P. (1925). This is no longer the law. Under Art. 35.23, V.A.C.C.P., it is now discretionary with the court in a felony case as to whether or not the jury should be sequestered. Here the jury was not sequestered at the time in question.

■ Without the jury being so sequestered, it would be absurd to assume that the jurors would not speak with anyone while separated. To presume harm in every case where it was shown that a juror had spoken to someone would place a prohibitive burden of proof on the State to rebut such a presumption. In Johnson v. State, 469 S.W.2d 581, this Court said:

"The burden no longer rests upon the State to show that nothing prejudicial occurred during the jury's separation.

As separation is now authorized by the Legislature, the presumption of harm during such separation is no longer valid."

The situation involved herein is analogous to the situation under the old rules in misdemeanor cases where the jury was not required to be sequestered. In Wood v. State, 126 Tex.Cr.R. 144, 70 S.W.2d 436 this Court stated:

"Necessarily, when a jury separates in a misdemeanor case, the jurors come in contact with outsiders and converse with them. This they are permitted to do in misdemeanor cases where they have been allowed by the court to separate, provided that they do not talk about the case. The mere showing by the accused in a misdemeanor case where the jury have been permitted to separate that a juror conversed with another does not impose upon the state the burden of showing that the conversation did not relate to the case. Under the circumstances, the burden is on the accused to show that the conversation was about the case." See also Sillins v. State, 167 Tex.Cr.R. 347, 320 S.W.2d 16.

■ Here Solis testified only that he saw two jurors speaking with the deceased's brother. He did not identify the jurors, nor could he relate what was allegedly said. These facts raised no presumption of harm to appellant, and would not have required the trial court to grant a new trial under Art. 40.03, V.A.C.C.P., which provides, in its pertinent portions, that a new trial will be granted to a defendant where it is shown that:

". the jury, after having retired to deliberate upon a case, has received other testimony; or where a juror has conversed with any person in regard *to the case* (emphasis supplied); . . . ." Art. 40.03, V.A.C.C.P., Sec. 7.

No error is shown and appellant's grounds of error numbers one, two and six are overruled.

Appellant's grounds of error three, seven, eight and nine urge that the court erred in failing to grant a mistrial when the prosecutor on three occasions during final arguments referred to the appellant's failure to testify. The first of these complained of arguments occurred when the prosecutor told the jury:

"I submit to you there is no evidence of any trouble at Joe and Olivia's Night Club because the only ones left alive who could testify as to the incidents out there at Joe and Olivia's are all members of the Solis-Maldanado crowd. We don't know what happened there."

Appellant timely objected to this statement but the court overruled his objection.

 Article 38.08, V.A.C.C.P., prohibits allusion to or comment upon the failure of an accused to testify in his own behalf. In order to constitute reversible error, however, any such reference or allusion to the failure of the defendant to testify must be a necessary one as viewed from the jury's standpoint. Turner v. State, Tex.Cr.App., 504 S.W.2d 843, (February 6, 1974); Yates v. State, Tex.Cr.App., 488 S.W.2d 463; Ramos v. State, Tex.Cr.App., 419 S.W.2d 359.

The record reflects that on the occasion to which the prosecutor referred other individuals were present. Therefore, the jury could well have inferred that the prosecutor was making reference to people other than appellant. At any rate, the reference was not necessarily to the appellant. We overrule appellant's contention with regard to this comment.

We have carefully considered appellant's other alleged instances of prosecutorial misconduct wherein the district attorney ostensibly referred to the failure of the appellant to testify and for the reasons stated above hold that no error is shown.

Appellant's grounds of error numbers three, seven, eight and nine are overruled.

Appellant's grounds of error numbers four, ten, eleven, twelve, thirteen, fourteen and fifteen complain of seven separate instances of alleged improper jury arguments, some of which were not objected to, and, therefore, present nothing for review. Lombardo v. State, Tex.Cr.App., 503 S.W.2d 780; Joines v. State, Tex.Cr. App., 482 S.W.2d 205. We have reviewed the remaining alleged instances of alleged improper argument and perceive no reversible error.

We have considered other grounds advanced by appellant and find them to present no error.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.